Ernest Straughter
256 49 Sierra Bello Court
Moreno Valley, Ca 92551
in Propria Persona

FILED

2008 APR -1 PM 5:09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV 08-2170. CAS (CWx)

1
2
3
4
5
6  Ernest Lee Straughter, Ernest L. Straughter and/or
7  Ernest Straughter, ERNEST STRAUGHTER YOUTH MUSIC
8  FOUNDATION,(An Organization in Formation)
9  Plaintiffs,
10                    against
11  USHER RAYMOND IV p/k/a USHER
12  JERMAINE DUPRI MAULDIN, BRYAN MICHAEL
13  PAUL COX, ARISTA RECORDS LLC, EMI APRIL MUSIC
14  INC., UR IV Music, BABY BOY'S LITTLE PUBLISHING
15  CO., SHANIAH CYMONE MUSIC, NOONTIME SOUTH, INC.,
16  WBM MUSIC CORP., SOULSICK MUZIK, JAKE NAVA, LA
17  FACE, ZOMBA, So So DEF RECORDINGS, So So DEF
18  STREET,INC., COLUMBIA RECORDS, CHRYSALIS MUSIC,
19  FRANCISCO BATISTA JR. (PKA FRANKIE J.),ASCAP, BMI,
20  SESAC as their performance rights collection
21  agent, and HARRY FOX or respective Record Company
22  and/or Mechanical Rights collection agency.
23
24  Defendants
25

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

```
          CLERK'S OFFICE U.S.D.C.
               LOS ANGELES
   4/2/2008 9:15:10 AM  Receipt #: 105920
        Cashier : ABELLAMY [LA 1-1]
Paid by: ERNEST STRAUGHTER
2:CV08-02170
2008-086900      5 - Civil Filing Fee(1)
Amount :                        $60.00

2:CV08-02170
2008-510000     11 - Special Fund F/F(1)
Amount :                       $190.00

2:CV08-02170
2008-086400     Filing Fee - Special(1)
Amount :                       $100.00
-----------------------------------------
Cash  Payment :                  350.00
-----------------------------------------
Total Payment :                  350.00

(= NO REFUNDS WITHOUT WHITE RECEIPT =)
```

## Introduction

Ernest Lee Straughter and ERNEST STRAUGHTER YOUTH

MUSIC FOUNDATION submit the following in propria

persona and as Director of said Organization, for

the complaint against Defendants

USHER RAYMOND IV p/k/a USHER

JERMAINE DUPRI MAULDIN, BRYAN MICHAEL

PAUL COX, ARISTA RECORDS LLC, EMI APRIL MUSIC

INC., UR IV Music, BABY BOY'S LITTLE PUBLISHING

CO., SHANIAH CYMONE MUSIC, NOONTIME SOUTH, INC.,

WBM MUSIC CORP., SOULSICK MUZIK, JAKE NAVA, LA

FACE, ZOMBA, So So DEF RECORDINGS, So So DEF

STREET, INC., COLUMBIA RECORDS, CHRYSALIS MUSIC,

FRANCISCO BATISTA JR.(PKA FRANKIE J.),ASCAP, BMI,

SESAC as their performance rights collection

agent, and HARRY FOX or respective Record Company

and/or Mechanical Rights collection agency

## NATURE OF THIS ACTION

1. Plaintiff, Ernest Lee Straughter, one of the

most celebrated composers, producer, recording

artist and performers in the MUSIC INDUSTRY brings

this action for  inter alia, copyright

infringement, declaratory judgment under the 1976

2

Copyright Act of the United States, and violations
of the Lanham Act in connection with certain
musical compositions and sound recordings,
entitled "Burn," Reg. Number: PA0001227181 / 2004-
06-03, PA0001159079 / 2004-04-16, PA0001280978 /
2006-03-23, Publisher's Number: Arista Records
82876-52141-2, et al. "How Do I Deal,"Reg.
Number: PA0001311691 / 2005-12-08, supplement to
PA 0001292812 / 2005 and "Got me Waitin," Reg.
Number: PA 0001160519 2005-02-22, Publishers
Number: J Records 82876-64235-2.

2. Through this action, Plaintiff Straughter
pursues his legal and equitable rights and
remedies in connection, with both domestic and
foreign distribution of his copy right
contribution on "Burn," "Got Me Waitin," and "How
Do I Deal."  The album has been exploited as if
created with the permission and sponsorship of Mr.
Straughter.
Defendants were not authorized to exploit either

3

the copyright contributions or the association of Plaintiffs unless and until certain conditions precedent were met, none of which have occurred. These circumstances give rise to this justiciable controversy and legal claims stemming from the wrongful exploitation of the Album embodying Plaintiff's contributions, falsely exploited as if authorized and sponsored by Plaintiff.

**PARTIES**

3. Plaintiff Straughter is a highly successful Grammy Award winning recording artist, composer, producer, and performer. Mr. Straughter is a resident of  the State of California.

4. Plaintiff Ernest Straughter and Straughter Youth Music Foundation, a charitable Youth Music Foundation in formation, planning its organization under the laws of, and place of business in the State of California.

5. Upon information and belief, Defendants (to be determined upon Discovery) are a corporation

4

and/or organization organized under the laws of the State of California and/or other States and/or Federal Laws.

6. Upon information and belief, Defendants publish and/or receive income from the exploitation of the album and/or song.

7. Defendant is a music performer, song writer, producer and/or royalty collection Agency.

## JURISDICTION AND VENUE

8. This court has original jurisdiction over the subject matter of this action pursuant to U.S.C. Sections 1331, 1338 and 15 U.S.C. Section 1121, as well as pursuant to 28 U.S.C. section 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1400(a).

## Mandatory Judicial Notice

Pursuant to Federal Rules of Civil Procedures and UNITED STATES SUPREME COURT:

Plaintiff is without counsel, and is not schooled in the law and legal procedure, and is not

5

1  admitted or licensed for practicing law, and
2  therefore [this] pleading must be read and
3  construed liberally.
4  See **Hainer v Kerner**  404 U.S. at 520 (1980); **Bire**
5  **v Estelle** 660 F. 2d 592 (1981) **National Labor**
6  **Relations Board v Tri State Transport Corp**. 649 F
7  2d 993 (1984);
8  U.S. v Michall R. **Doughterty**, 473 f 2d 1113; **Frank**
9  **X. Lo Sacco v Delua Young** 564 2d 610; and  **Robert**
10  **F. Maloney**, See, Susan H. Maloney, 553 A, 2d
11  1169, also "Statements of counsel, in their briefs
12  or their arguments are not sufficient for motion
13  to dismiss or for summary judgment". Trinsey v
14  Pagliaro, D.C.Pa 1964, 229 F Supp.647.
15
16  Plaintiff Requests JUDICIAL NOTICE OF CASES WHICH
17  ARE STARE DECISIS TO RELEVANT ISSUES;
18  UNITED STATES SUPREME COURT,
19  Bright Tunes Music Corp. vs. Harrisongs Music Ltd.
20  {aka He's So Fine/My Sweet Lord} Copyright
21  Infringement: 420 F. Supp 177, 1976, Supp. 798
22  1981; and Selle v. Gibb {Barry Gibb and the
23  BeeGees: How Deep Is Your Love}, 741 F2d 896 7th
24  Cir 1984).
25

6

1              **PLEASE TAKE NOTE**

2  **Plaintiff Straughter wishes to avoid any direct or**

3  **indirect misprision of a felony, therefore**

4  **requests**

5

6  **that the appropriate authorities be notified by**

7  **this Honorable Court to investigate the herein**

8  **described acts and actions of Defendants to**

9  **determine if said pattern of behavior constitutes**

10  **organized criminal behavior.**

11                **BACKGROUND**

12     10. Mr. Straughter owns the copyright to the

13  sound recordings and infringed music under the

14  title of  "The Reasons Why." Federal Copyright

15

16  number: PAu002313592-1998-06-09.

17     11. Defendant Mr. Raymond recorded

18  Plaintiff's copyrighted music on his Album

19  entitled Confessions.

20     12. The specific song is entitled, "Burn."

21     13. The Parties never contemplated an agreement

22  which would authorize Defendants to exploit Mr.

23  Straughter's copyright contribution.

24

25

7

14. Defendant Raymond has performed the copyright contribution of Mr. Straughter, in both recordings and live performances without contemplation and/or authorization by Mr. Straughter.

15. At no time did Plaintiff, Mr. Straughter, transfer or assign his copyright interest in the musical sound recording "The Reasons Why," Reg. Number PAu002313592 / 1998-06-09, which appears on the album by artist "REEL TIGHT," titled "Back To The Real"{Restless /G Records /#72966-2} Released 1998-1999, to Defendant for use in the composition "Burn," or any other composition.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement- "The Reasons Why" sound recordings, on behalf of Plaintiff)

16. Plaintiff repeats and re allege the allegations of paragraphs 1-15 above, with the same force and effect as if set forth in full herein.

17. Since the release of Mr. Raymond's Album "Confessions" Defendants have copied, distributed,

8

sold, licensed and /or authorized the manufacture, distribution and sale of the sound recording of "The Reasons Why" as appearing on the album as "Burn."

18. Significant portions of the "The Reasons Why" sound recording are contained in the recorded sound and performances of Mr. Raymond, to be demonstrated at trial.

19. Plaintiff has not transferred nor assigned their copyrights in the sound recording "The Reasons Why" nor was this a performance work made for hire.

20. Plaintiff's contribution to the sound recording "Burn," although unauthorized by Plaintiff, pursuant to the Copyright Act of 1976, "The Reasons Why" is registered in the United States Copyright Office under Number: PAu002313592 /1998-06-09.

21. Defendants actions in copying, distributing and otherwise exploiting this sound recording was

9

performed with knowledge that this conduct
constituted Infringement and/or was conducted with
reckless disregard for Plaintiff's copyright
in his respective contribution. Defendant has
willfully infringed, and continue to
infringe, Plaintiff's copyright in violation of,
inter alia, Sections 106 and 501 of the Copyright
Act and/or other copy rights infringement
violations under law.

22. Defendants have profited and continue to
profit from their infringing activity and
will, unless restrained, further impair, if not
destroy Plaintiff's right in their
contributions, and Plaintiff will suffer
irreparable injury which cannot be adequately
calculated or compensated solely by money damages.

23. Plaintiff has no adequate remedy at law.

24. By reason of the foregoing, Plaintiff has
been damaged in an amount to be determined at
trial.

## SECOND CLAIM FOR RELIEF

[In the Alternative]

(Declaratory Relief-"The Reasons Why" Sound

Recording, on behalf of Plaintiff)

25. Plaintiff repeats and re allege the allegations of paragraphs 1-24 above, with the same force and effect as if set forth in full herein.

26. Upon information and belief, Defendants have received substantial remuneration in connection with the exploitation of the "Confessions" Album, which contains the infringed sound recording " The Reasons Why" and is embodied in Defendant Mr. Raymond's song.

27. A dispute has arisen between Plaintiff and Defendants concerning the authorship and ownership of the copyrights in and to the sound recording "The Reasons Why" and the rights to receive royalties and other earnings generated therefrom.

28. Plaintiff contends that as the author of the copyright, he is entitled to total copyright reversion and/or pro rata share of all revenues derived in connection with the exploitation of

11

"The Reasons Why," which were incorporated into the Defendant's recorded work.

29. Plaintiff further contends that Plaintiff did not transfer or assign to Defendants any rights or interest in this sound recording nor were the sound recording or performances therein, works made for hire for Defendants.

30. Plaintiff is informed and believes that Defendants dispute these contentions. A judicial declaration is necessary and appropriate at this time to cure the presently unsettled state of affairs and to clarify the parties respective ownership interest in this sound recording. Plaintiff has no adequate alternative remedy under the circumstances.

31. As a result of this dispute, Plaintiff seeks a declaration that he authored the sound recording "The Reasons Why" and possesses a copyright interest therein, that "Burn" is substantially similar to Plaintiff's sound recording, and Defendants had access and therefore, this entitles

12

Plaintiff to 100% reversion of Defendants copyright and/or a pro rata share of all monies earned through the exploitation of that sound recording infringement.

### THIRD CLAIM FOR RELIEF

(Lanham Act Unfair Competition,
on behalf of Plaintiff)

32. Plaintiff repeats and re allege the allegations of paragraph 1-31 above, with the same force and effect as if set forth in full herein.

33. Mr. Straughter is a highly successful and well known Grammy-winning artist, composer, producer and performer. He has established a reputation at the top of his field and achieved world wide renown, expending substantial amounts of time and money to maintain the goodwill he has established.

34. Defendants and their representatives have distributed and provided goods and services in interstate commerce in connection with Plaintiff's

13

goodwill, notoriety and ownership interest in the copyright and Defendants have realized substantial income from the provision and sale of such goods and services.

35. Defendant's use of Plaintiff's sound recording and/or his copyrighted song in the performance of "Burn" is likely to cause confusion, mistake or deception by misleading consumers and the trade into believing that Plaintiff licensed or otherwise authorized the use of their performance, or that the "Burn" composition and Confessions Album is associated with or otherwise endorsed by Plaintiff. Defendants conduct is in willful and deliberate violation of section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(A) and is highly damaging to Plaintiff's reputation and specific financial entitlements.

36. Defendants have profited and continue to profit from their unlawful conduct and will, unless restrained, further impair Plaintiff's

14

goodwill and reputation, and Plaintiff will

suffer irreparable injury which cannot be

adequately calculated or compensated solely by

money damages.

37. Plaintiff has no adequate remedy at law.

38. By reason of the foregoing, Plaintiff has

been damaged in an amount to be determined and

proved at trial.

## FOURTH CLAIM FOR RELIEF

(Accounting, of behalf of Plaintiff)

39. Plaintiff repeats and re allege the

allegations of paragraph 1 through 38 above, with

the same force and effect as if set forth in full

herein.

40. Upon information and belief, Defendants have

received significant remuneration by recording,

copying, distributing and otherwise exploiting the

composition and sound recording "Burn" and yet

have not paid Plaintiff his share of these

earnings.

41. Under the Copyright Act and the relevant

case law pertaining thereto, Defendants have a

duty to account to Plaintiff for these earnings.

## FIFTH CLAIM FOR RELIEF

(California Unfair Competition,

on behalf of Plaintiff)

42. Plaintiff repeats and re allege the

allegations of paragraph 1 through 41 above, with

the same force and effect as if set forth in full

herein.

43. Defendants deliberately have sought to

capitalize on Plaintiff's reputation and goodwill

in willful and wanton disregard of Plaintiff's

rights therein.

Defendant's acts constitute misappropriation of

Plaintiff's labor and expenditures and constitutes

an attempt by Defendants to trade upon the

valuable reputation and goodwill of Plaintiff.

44. The acts and conduct of Defendants

constitute willful unfair competition in violation

of the common law of the State of California.

Defendants have profited and continue to profit

from the infringing activity and will unless

16

restrained, further impair Plaintiff's goodwill and reputation, and Plaintiff will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

45. Plaintiffs have no remedy at law.

46. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

[In the Alternative]

(Breach of Implied License / Duty of Good Faith and Fair Dealing, on behalf of Plaintiff)

47. Plaintiff repeats and re allege the allegations of paragraph 1 through 46 above, with the same force and effect as if set forth in full herein.

48. To the extent Defendants use of Plaintiff's sound recordings performance was made under a license implied by conduct, Defendants have breached the duty of good faith and fair dealing contained within the license.

17

49. Any implicit agreement by Plaintiff to allow the use of their material on the "Burn" composition was conditioned upon the understanding that, as consideration for such use, Plaintiff would be compensated by Defendants with equitable advance payments and a share of future album royalties.

50. Defendants have not made any payments to Plaintiff in connection with any Implied license and to the extent such a license exist, Defendants have breached the duty of good faith and fair dealing contained within it.

51. By reason of the foregoing, Plaintiff have been damaged in an amount to determined at trial.

### SEVENTH    CLAIM FOR RELIEF
[In the Alternative]

(Unjust Enrichment, on behalf of Plaintiff)

52. Plaintiff repeat and re allege the allegation of paragraphs 1 through 51 above, with the same force and effect as if set forth here in full herein.

18

53. By the actions alleged above, the Defendants have used the recorded performance and composition without proper authorization, and have been unjustly enriched by their unlawful conduct at the expense of, and without proper credit to Plaintiffs.

54. Defendant's actions in this regard have unjustly enriched and wrongfully benefited Defendants, at the expense of Plaintiff, in an amount to be determined at trial.

WHEREFORE, Plaintiff demand judgment as follows:

A. An Order preliminarily and permanently enjoining Defendants, their agents, servants, employees, representatives, successors and assigns and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting directly or indirectly in concert or participation with any of them, from:

19

    i. manufacturing, distributing, selling, promoting, performing, copying, licensing or otherwise disseminating or exploiting the sound recording "Burn" which infringe Plaintiff copyrights and contributions therein.

   ii. distributing, selling, licensing, or otherwise disseminating any sound recordings in the same packaging or with the same title or catalogue number as the sound recording "Burn."

  iii. Infringing, or contributing to or participating in the infringement by others of Plaintiff's copyright in his contribution to the sound recording "Burn" and

   iv. committing any act calculated to cause the public to falsely believe that Defendant's goods and/or

services are authorized

by or otherwise affiliated with the
Plaintiff, or any of them.

B.  An Order directing Defendants to
recall all copies of the sound
recording "Burn" from all
distributors, retailers, promoters,
or broadcasters to whom they
previously distributed, disseminated
or sold these recordings;

C.  An Order directing Defendants to
deliver up for destruction ("burning"
or otherwise) all copies of the sound
recording "Burn" and all packaging,
promotional material or other
advertising in their possession  or
control that relates to these
recordings, and all parts for  the
manufacture of phonorecords,
including without  limitation all
matrices, masters, mothers, molds,
stampers, stamps, tapes, copies and
other articles by which such copies

21

may be reproduced;

D. An Order directing Defendants to
   provide an accounting of
   all sales and profits derived from
   the sale of the sound recording
   "Burn" and any other work utilizing
   or embodying the same title,
   packaging or catalogue number as
   these recordings, plus performance,
   mechanical, or other royalty income
   received by Burn, Usher et, al.;
   (ASCAP, BMI, SESAC, and Mechanical
   Royalties income received by Harry
   Fox Agency, Record Company or other
   Mechanical rights agents)

E. That Plaintiff be awarded actual
   damages, together with Defendants
   profits, in an amount to be
   determined at trial, for  each
   willful infringement of Plaintiff
   copyright in the sound recording
   "Burn," pursuant to the Copyright
   Act, 17 U.S.C. Sections 501 and 504

22

And other appropriate laws;

F.  That Plaintiff be awarded any and all profits, in an amount to be determined at trial, derived by reason of the willful and deliberate acts and conduct of Defendant as herein above set forth pursuant to section 35 of the Lanham Act, 15 U.S.C. section 1117;

G.  That Plaintiff be awarded enhanced compensatory treble damages, in an amount to be determined at trial, derived by reason of the willful and deliberate acts and conduct of Defendants as hereinabove set forth pursuant to section 35 of the Lanham Act, 15 U.S.C. section 1117;

H.  That Plaintiff be awarded punitive damages in an amount to be determined at trial, but not less

23

than Ten Million Dollars

($10,000,000.00) to deter the willful

and deliberate conduct of Defendants

and to avoid future confusion or

deception of  the public and unfair

competition with the Plaintiff;

I.   In the Alternative, that Plaintiff

be granted 100% full reversion of the

infringed copyrights to Plaintiff,

subject to evidence of egregious

copyright infringement to be

demonstrated at trial;

J.   Mr. Straughter is co-author in the

sound recording "Burn" that appears

on the Album "Confessions" and that

Plaintiff is entitled to

a pro rata share of all monies earned

throught the exploitation

of that sound recording;

K.   In the alternative, that Plaintiff

be awarded such actual  damages as

24

Plaintiff has sustained as a result of Defendant's breach of duty of good faith and fair dealing contained within any implied license granted by Plaintiff to Defendant for use of their copyright contributions;

L.   In the Alternative, that Plaintiff be awarded actual damages resulting from Defendant's unlawful conduct, including the amount by which Defendants were unjustly enriched, in an amount to be proven at trial;

M.   That Plaintiff be awarded their cost, including reasonable attorneys fees and

N.   Granting Plaintiff such other and further relief as the court deems just and proper.

**JURY DEMAND**

25

1  Plaintiff demands trial by jury of all claims

2  triable of right by a jury.

3   In Propria Persona                           Dated

4                                                03/31/08

5

# AFFIDAVIT OF ERNEST LEE STRAUGHTER IN SUPPORT OF
## CLAIM FOR COPYRIGHT INFRINGEMENT

1. I, Ernest Lee Straughter am of lawful age and competent to testify regarding the herein described complaint and claim for copyright infringement.

2. The affiant is the composer, and author of the musical composition entitled "The Reasons Why", Ernest Straughter Youth Music Foundation (a foundation in formation, plans to own partial or full copyrights at completion) currently I own the copyrights, in full

3. The vocal group "Reel Tight" first recorder my composition, under the original title "The Reasons Why" which is registered with the US copyrights office under Number: PAu 00232313592-1998-06-09

4. "No more Pain" is track number 5 on the album "Back to the Real" which is the album that provides initial access to "Usher" through his childhood and hometown associations with members of the group.

5. Band member Bobby Rice gave Defendant Usher a copy of the C-D while he was promoting the group, which was produced by Plaintiff, Mr. Straughter.

6. In acknowledgement of access, Mr. Rice gives "extra special thanks," "a special shout out to" and "the home front is on the map kid!" to Defendant Usher Raymond" in the liner notes of the album, produced by Plaintiff Mr. Straughter.

7. Additionally, The vocal group Real Tight gives special acknowledgement to Defendant Usher Raymond IV on the liner notes of "Back to the Real," which sold approximately 30-40 thousand units.

8. Several writers and/or producers of the songs "Burn" "How do I Deal?" and "Got me Waitin" are the same on all three compositions.

9. The substantial similarities which are present in all compositions in question are verifiable and can be substantiated both musically and scientifically as specific copyright infringement

10. There are substantial similarities as well as exact notes and melody line similarities. Note that the song "The Reasons Why" incorporates 8 basic musical phrases, which are called motifs: A, B,C,D,E,F,G,H. There are as many as 9 notes that are exact in the various motifs.

11. Affiant utilized 2 grace notes, five bars apart from one another in the copyright composition. The alleged writers and composers of the composition in question utilized 2 grace notes exactly 5 bars apart from one another. The same 2 grace note melody utilized in Affiant's copyright composition, is utilized by the alleged writers and composers of the compositions in question

12. In the copyright contribution "The Reasons Why", the affiant utilizes a piano to establish a particular melody line, the Defendants substituted this line in toto with a guitar line that matches more than (90) ninety per cent of the melody line. Various vocal lines are also substituted with more than a (90) ninety per cent match up.

13. I swear or affirm under my own commercial liability that I have first hand knowledge regarding the infringement claims made above.
    As to the claims relying on information, I believe those are true.
    I declare under penalty of perjury of the Laws of the State of California and the Laws of the United States that this is the truth, and nothing but the truth.

03/31/08

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV08- 2170 CAS (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

*ERNEST STRAUGHTER & ERNEST STRAUGHTER MUSIC YOUTH Foundation*

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

**DEFENDANTS** *USHER, C/O HOLLY DAVIS CARTER AGENCY WEST INTERTAINMENT 6255 W. SunSet Blvd, #123 LA 90028 ; New York Co, Clark Co.*

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): *Los Angeles Co.*

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

*ERNEST LEE, ERNEST STRAUGHTER MUSIC Youth Foundation 25649 Sierra Bello Court Moreno Valley, CA 92551*

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☑4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from another district (specify):
☐6 Multi-District Litigation
☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** *10,000,000 +*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*Copyright Infringement    US Copyright Act, 1976*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)

**CIVIL COVER SHEET**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

NEW YORK, ESSEX, JEFFERSON, Hamilton, Madison, Niagara, Macon Co. GA, APPLING, BACON, BANKS, Bibbs, Butts Co., Decalb, Clark

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

NEW York, Essex, Jefferson, Hamilton, Madison, Niagara, Macon Co. GA, APPLING, BACON, BANKS, Bibbs, Butts Co. Decalb, Clark

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

New York, ESSEX, JEFFERSON, Hamilton, Madison, Niagara, Macon Co. GA., APPLING, BACON, BANKS, Bibbs, Butts, Decalb, Clark

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 4-01-08

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ernest Lee Straughter , See Attachment <br><br> PLAINTIFF(S) <br><br> v. <br><br> Usher Raymond , See Attachment <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV08-2170-CAS(CWx) <br><br><br> **SUMMONS** |

FOR OFFICE USE ONLY

TO:   DEFENDANT(S):  Usher Raymond, See Attachment

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Ernest Straughter_____, whose address is _25649 Sierra Bello Court Mareno Valley, CA 92551_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

SEAL

Dated: _4-1-08_____        By: _____

Deputy Clerk

(Seal of the Court)

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

25649 Sierra Bello Court
Mareno Velley, CA 92551
IN propria persona

FILED

UNITED STATES DISTRICT COURT 2008 APR -1 PM 5:10

CENTRAL DISTRICT OF CALIFORNIA CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

CV 08-2170. CAS (CWX)

Ernest Lee Straughter, Ernest L. Straughter and/or

Ernest Straughter, ERNEST STRAUGHTER YOUTH MUSIC

FOUNDATION, (An Organization in Formation)

Plaintiffs,

against

USHER RAYMOND IV p/k/a USHER

JERMAINE DUPRI MAULDIN, BRYAN MICHAEL

PAUL COX, ARISTA RECORDS LLC, EMI APRIL MUSIC

INC., UR IV Music, BABY BOY'S LITTLE PUBLISHING

CO., SHANIAH CYMONE MUSIC, NOONTIME SOUTH, INC.,

WBM MUSIC CORP., SOULSICK MUZIK, JAKE NAVA, LA

FACE, ZOMBA, So So DEF RECORDINGS, So So DEF

STREET, INC., COLUMBIA RECORDS, CHRYSALIS MUSIC,

FRANCISCO BATISTA JR. (PKA FRANKIE J.), ASCAP, BMI,

SESAC as their performance rights collection

agent, and HARRY FOX or respective Record Company

and/or Mechanical Rights collection agency.

Defendants

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT