1 │ BRIAN M. GROSSMAN (SBN 166681)
2 │ TESSER & RUTTENBERG
  │ 12100 Wilshire Boulevard, Suite 220
3 │ Los Angeles, California 90025
  │ Telephone:  (310) 207-4022
  │ Facsimile:   (310) 207-4033
4 │
  │ Attorneys for Plaintiff
5 │ ERNEST LEE STRAUGHTER

7

8 │        UNITED STATES DISTRICT COURT

9 │        CENTRAL DISTRICT OF CALIFORNIA

10

11

12 │ ERNEST LEE STRAUGHTER, an          CASE NO.  CV-08-2170 CAS (CWx)
   │ individual,
13 │                                    [Hon. Christine A. Snyder]
   │            Plaintiff,
14 │                                    SECOND AMENDED
   │     vs.                            COMPLAINT FOR COPYRIGHT
15 │                                    INFRINGEMENT
   │ USHER RAYMOND, IV, an
16 │ individual; JERMAINE DUPRI         REQUEST FOR JURY TRIAL
   │ MAULDIN, an individual; BRYAN-
17 │ MICHAEL PAUL COX, an individual;   Complaint Filed: May 14, 2008
   │ FRANCISCO BAUTISTA, JR., an
18 │ individual; FANTASIA BARRINO, an   Trial Date: None Set
   │ individual; JOHNTA AUSTIN, an
19 │ individual; CIARA HARRIS, an
   │ individual; EMI APRIL MUSIC, INC.,
20 │ a Connecticut corporation; UR-IV
   │ MUSIC, a Georgia corporation; SO SO
21 │ DEF RECORDINGS, INC., a Georgia
   │ corporation; BABYBOY'S LITTLE
22 │ PUBLISHING COMPANY, a business
   │ entity; ARISTA RECORDS, LLC, a
23 │ limited liability company; SONY
   │ MUSIC ENTERTAINMENT, a
24 │ Delaware general partnership;
   │ ZOMBA RECORDING, LLC, a
25 │ Delaware limited liability company;
   │ LAFACE RECORDS, LLC, a
26 │ Delaware limited liability company;
   │ W.B.M. MUSIC CORPORATION, a
27 │ Delaware corporation; NOONTIME
   │ SOUTH, INC., a business entity;
28 │ [continued]

SECOND AMENDED COMPLAINT

1  SOULSICK MUZIK, a business entity; )
   JUMPING BEANS SONGS, LLC, a )
2  Delaware limited liability company; J )
   RECORDS, LLC, a Delaware limited )
3  liability company; and 19 )
   ENTERTAINMENT, INC., a New )
4  York corporation, )

5        Defendants. )

6  _____ )

   AND RELATED CROSS-CLAIMS )
7  _____ )

8       Plaintiff Ernest Lee Straughter ("Straughter") alleges for his Second Amended

9  Complaint as follows:

10

11                         **JURISDICTION AND VENUE**

12      1.     Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338,

13  on the ground that Straughter asserts a claim for relief for copyright infringement,

14  17 U.S.C. § 101 *et seq.*

15      2.     Venue in this Court is proper under 28 U.S.C. §§ 1391(b)(2),

16  1391(b)(3) and 1400(a), in that one or more defendants reside in this judicial district

17  and a substantial part of the events giving rise to Straughter's claims occurred in this

18  judicial district.  In particular, on information and belief, defendants Sony Music

19  Entertainment, EMI April Music, Inc., W.B.M. Music Corporation and 19

20  Entertainment, Inc. carry out substantial, ongoing business activities within this

21  judicial district, and a substantial part of the defendants' acts and omissions in

22  exploiting the musical composition that gave rise to Straughter's claims for

23  copyright infringement occurred in the Central District of California.

24

25                          **THE PARTIES**

26      3.     Straughter is an individual who resides within this judicial district.

27      4.     On information and belief, defendant Usher Raymond, IV, p/k/a

28  "Usher" ("Usher") is an individual who resides in Fulton County, Georgia.

5.      On information and belief, defendant Jermaine Dupri Mauldin, p/k/a Jermaine Dupri ("Dupri") is an individual who resides in Fulton County, Georgia.

6.      On information and belief, defendant Bryan-Michael Paul Cox ("Cox") is an individual who resides in Fulton County, Georgia.

7.      On information and belief, defendant Francisco Bautista, Jr., p/k/a "Frankie J" ("Bautista") is an individual whose residence is unknown to Straughter.

8.      On information and belief, defendant Fantasia Barrino, p/k/a "Fantasia" ("Barrino") is an individual whose residence is unknown to Straughter.

9.      On information and belief, defendant Johnta Austin ("Austin") is an individual whose residence is unknown to Straughter.

10.     On information and belief, defendant Ciara Harris ("Harris") is an individual whose residence is unknown to Straughter.

11.     On information and belief, defendant EMI April Music, Inc. ("EMI") is a corporation organized under the laws of the state of Connecticut, and doing business in this judicial district.

12.     On information and belief, defendant UR-IV Music ("UR-IV") is a corporation organized under the laws of the state of Georgia, and doing business in this judicial district.

13.     On information and belief, defendant So So Def Recordings, Inc. ("So So Def") is a corporation organized under the laws of the state of Georgia, and doing business in this judicial district.

14.     On information and belief, defendant Babyboy's Little Publishing Company ("Babyboy's") is a business entity of unknown origin, and doing business in this judicial district.

15.     On information and belief, defendant Arista Records, LLC ("Arista") is a limited liability company doing business in this judicial district.

///

///

16.    On information and belief, defendant Sony Music Entertainment, a/k/a Sony BMG Music Entertainment ("Sony Music") is a general partnership organized under the laws of the state of Delaware, and doing business in this judicial district.

17.    On information and belief, defendant Zomba Recording, LLC ("Zomba") is a limited liability company organized under the laws of the state of Delaware, and doing business in this judicial district.

18.    On information and belief, defendant LaFace Records, LLC ("LaFace") is a limited liability company organized under the laws of the state of Delaware, and doing business in this judicial distrct.

19.    On information and belief, defendant W.B.M. Music Corporation ("WBM Music") is a corporation organized under the laws of the state of Delaware, and doing business in this judicial district.

20.    On information and belief, defendant Noontime South, Inc. ("Noontime") is a corporation organized under the laws of the state of Georgia, and doing business in this judicial district.

21.    On information and belief, defendant Soulsick Muzik ("Soulsick") is a business entity of unknown origin, and doing business in this judicial district.

22.    On information and belief, defendant Jumping Beans Songs, LLC ("Jumping Beans") is a limited liability company organized under the laws of the state of Delaware, and doing business in this judicial district.

23.    On information and belief, defendant J Records, LLC ("J Records") is a limited liability company organized under the laws of the state of Delaware, and doing business in this judicial district.

24.    On information and belief, defendant 19 Entertainment, Inc. ("19 Entertainment") is a corporation organized under the laws of the state of New York, and doing business in this judicial district.

25.    On information and belief, each of the defendants sued herein is the agent, servant, and employee of each other, and of the other defendants, and in doing

the things herein alleged, acted within the course and scope of said agency and employment, and with the full knowledge and consent of the remaining defendants.

26.    On information and belief, the defendants, and each of them, unlawfully conspired and acted in concert and participated with one or more of the remaining defendants, in committing and performing the acts and conduct alleged herein, for the express and intended purpose of committing or performing the acts and conduct alleged herein, all to the damage and detriment of Straughter.

## FACTS COMMON TO ALL CLAIMS

27.    Straughter is an acclaimed producer, composer, musical arranger, recording artist and performer. More particularly, Straughter wrote and scored for Horace Tapscott, writer and conductor with Count Basie and Duke Ellington. Straughter also performed, produced or arranged for Earth, Wind and Fire, Ike and Tina Turner, Herbie Hancock, Barry Manilow, Patti LaBelle, Stevie Wonder and Aretha Franklin, among others. Straughter is featured in two books, "Songs of the Unsung" by Horace Tapscott and "The Dark Tree: Jazz and the Community Arts in Los Angeles" by Steven L. Isoardi.

28.    In or around 1998, Straughter created, composed, authored and wrote the original musical composition entitled "The Reasons Why," also known as "No More Pain" (the "Composition"), which consists wholly of original material and was and is copyrightable matter under the laws of the United States.  A claim of copyright in the Composition was registered and recorded with the United States Copyright Office in favor of Straughter, Registration No. PAu 002313592.

29.    Straughter's Composition was included on the album entitled "Back to the Real" by the musical group "Reel Tight," which album was released and distributed by Restless Records in or around 1998. From and after 1998, the album was widely distributed in the United States.

///

1    30.    From the date of creation of the Composition through the date of its

2  registration, Straughter has complied in all respects with the Copyright Act of 1976

3  and all other laws governing copyright with respect to the Composition.

4    31.    Insofar as the Composition has been published within the ambit of the

5  copyright laws, it has been published by or under license or authority of Straughter,

6  and has been published in strict conformity with all laws governing copyright.

7    32.    The recording of Straughter's Composition in the album "Back to the

8  Real" has been distributed and sold through record stores, internet on-online sites

9  and other outlets, and has been played on radio and at live performances, including

10  throughout the United States and in the Central District of California.

11

12                    **FIRST CLAIM FOR RELIEF**

13                    **(For Copyright Infringement)**

14  **(Against Defendants Usher, Dupri, Cox, EMI, UR-IV, So So Def,**

15              **Babyboy's, Arista, Sony Music, Zomba and LaFace)**

16    33.    Straughter incorporates by reference as if set forth herein the

17  allegations of Paragraphs 1 through 32 of this Second Amended Complaint.

18    34.    Straughter is, and at all times material hereto was the owner of the

19  copyright in the Composition, and is entitled and authorized to protect it against

20  copyright infringement, including the enforcement of copyright actions. Straughter

21  secured exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the

22  copyrighted work in copies or phonorecords," "to prepare derivative works based

23  upon the copyrighted work," and to "perform the copyrighted work publicly."

24    35.    On information and belief, defendants Usher, Dupri and Cox each

25  contributed to the creation of the musical composition "Burn" appearing on the

26  album "Confessions" performed by Usher.

27    36.    On information and belief, defendants Usher, Dupri and Cox had access

28  to, copied and incorporated substantial, original portions of Straughter's

Composition. There is a substantial similarity between "Burn" and the Composition due to the copying of the Composition by defendants Usher, Dupri and Cox.

37.   On information and belief, defendants Usher, Dupri, Cox, EMI, UR-IV, So So Def, Babyboy's, Arista, Zomba, LaFace and Sony Music were aware of, participated in and contributed to the exploitation of "Burn" in the United States through sales of compact discs, digital downloads, radio and television airplay and otherwise. On information and belief, defendants Usher, Dupri, Cox, EMI, UR-IV, So So Def, Babyboy's, Arista, Zomba LaFace and Sony Music have earned, and will continue to earn substantial sums through their exploitation of "Burn" and continue to actively exploit that work worldwide.

38.   Defendants never sought nor obtained Straughter's permission to copy, duplicate, perform or otherwise use Straughter's Composition in "Burn," or at all.

39.   Defendants' copying, duplication, use, performance and exploitation of the Composition in "Burn" constitute infringements of Straughter's copyright in the Composition.

40.   Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Straughter's copyright.

41.   As a result of their actions, defendants Usher, Dupri, Cox, EMI, UR-IV, So So Def, Babyboy's, Arista, Zomba, LaFace and Sony Music are liable to Straughter for willful copyright infringement under 17 U.S.C. § 501. Straughter suffered, and will continue to suffer substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Straughter's actual damages, he is entitled to receive the profits made by the defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). In the alternative, Straughter is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of the defendants' willful copyright infringement.

42.     Straughter does not have an adequate remedy at law for defendants' wrongful conduct in that (i) Straughter's copyright is unique and valuable property which has no readily ascertainable market value; (ii) the infringement by defendants constitutes an interference with Straughter's goodwill and professional reputation; and (iii) defendants' wrongful conduct, and the damages resulting to Straughter therefrom is continuing.  Defendants' acts of copyright infringement have caused Straughter irreparable injury, and defendants threaten to continue to commit these acts.  Straughter is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by defendants of their infringing composition and all sound recordings of "Burn," and to an order under 17 U.S.C. § 503 that any of defendants' infringing products be impounded and destroyed.

43.     Straughter is also entitled to recover his reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (For Copyright Infringement)
### (Against Defendants Dupri, Cox, Bautista, WBM Music, Noontime, Soulsick, Babyboy's, Jumping Beans and Sony Music)

44.     Straughter incorporates by reference as if set forth herein the allegations of Paragraphs 1 through 43 of this Second Amended Complaint.

45.     Straughter is, and at all times material hereto was the owner of the copyright in the Composition, and is entitled and authorized to protect it against copyright infringement, including the enforcement of copyright actions.  Straughter secured exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

///

///

46.     On information and belief, defendants Dupri, Bautista and Cox each contributed to the creation of the musical composition "How to Deal" appearing on the album "The One" performed by Bautista.

47.     On information and belief, defendants Dupri, Bautista and Cox had access to, copied and incorporated substantial, original portions of Straughter's Composition.   There is a substantial similarity between "How to Deal" and the Composition due to the copying of the Composition by defendants Dupri, Bautista and Cox.

48.     On information and belief, defendants Dupri, Cox, Bautista, WBM Music, Noontime, Soulsick, Babyboy's, Jumping Beans and Sony Music were aware of, participated in and contributed to the exploitation of "How to Deal" in the United States through sales of compact discs, digital downloads, radio and television airplay and otherwise.   On information and belief, defendants Dupri, Cox, Bautista, WBM Music, Noontime, Soulsick, Babyboy's, Jumping Beans and Sony Music have earned, and will continue to earn substantial sums through their exploitation of "How to Deal" and continue to actively exploit that work worldwide.

49.     Defendants never sought nor obtained Straughter's permission to copy, duplicate, perform or otherwise use Straughter's Composition in "How to Deal," or at all.

50.     Defendants' copying, duplication, use, performance and exploitation of the Composition in "How to Deal" constitute infringements of Straughter's copyright in the Composition.

51.     Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Straughter's copyright.

52.     As a result of their actions, defendants Dupri, Cox, Bautista, WBM Music, Noontime, Soulsick, Babyboy's, Jumping Beans and Sony Music are liable to Straughter for willful copyright infringement under 17 U.S.C. § 501. Straughter suffered, and will continue to suffer substantial damage to his professional

reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Straughter's actual damages, he is entitled to receive the profits made by defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). In the alternative, Straughter is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of the defendants' willful copyright infringement.

53.    Straughter does not have an adequate remedy at law for defendants' wrongful conduct in that (i) Straughter's copyright is unique and valuable property which has no readily ascertainable market value; (ii) the infringement by defendants constitutes an interference with Straughter's goodwill and professional reputation; and (iii) defendants' wrongful conduct, and the damages resulting to Straughter therefrom is continuing. Defendants' acts of copyright infringement have caused Straughter irreparable injury, and defendants threaten to continue to commit these acts. Straughter is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by defendants of their infringing composition and all sound recordings of "How to Deal," and to an order under 17 U.S.C. § 503 that any of defendants' infringing products be impounded and destroyed.

54.    Straughter is also entitled to recover his reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### (For Copyright Infringement)
### (Against Defendants Barrino, Dupri, Cox, Austin, Harris, EMI, So So Def, J Records, 19 Entertainment, Noontime and Sony Music)

55.    Straughter incorporates by reference as if set forth herein the allegations of Paragraphs 1 through 54 of this Second Amended Complaint.

56.     Straughter is, and at all times material hereto was the owner of the copyright in the Composition, and is entitled and authorized to protect it against copyright infringement, including the enforcement of copyright actions. Straughter secured exclusive rights under 17 U.S.C. § 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

57.     On information and belief, defendants Dupri, Cox, Austin and Harris each contributed to the creation of the musical composition "Got Me Waiting" appearing on the album "Free Yourself" performed by Barrino.

58.     On information and belief, defendants Dupri, Cox, Austin and Harris had access to, copied and incorporated substantial, original portions of Straughter's Composition. There is a substantial similarity between "Got Me Waiting" and the Composition due to the copying of the Composition by defendants Dupri, Cox, Austin and Harris.

59.     On information and belief, defendants Barrino, Dupri, Cox, Austin, Harris, EMI, So So Def, J Records, 19 Entertainment, Noontime and Sony Music were aware of, participated in and contributed to the exploitation of "Got Me Waiting" in the United States through sales of compact discs, digital downloads, radio and television airplay and otherwise. On information and belief, defendants Barrino, Dupri, Cox, Austin, Harris, EMI, So So Def, J Records, 19 Entertainment, Noontime and Sony Music have earned, and will continue to earn substantial sums through their exploitation of "Got Me Waiting" and continue to actively exploit that work worldwide.

60.     Defendants never sought nor obtained Straughter's permission to copy, duplicate, perform or otherwise use Straughter's Composition in "Got Me Waiting," or at all.

///

///

61.   Defendants' copying, duplication, use, performance and exploitation of the Composition in "Got Me Waiting" constitute infringements of Straughter's copyright in the Composition.

62.   Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Straughter's copyright.

63.   As a result of their actions, defendants Barrino, Dupri, Cox, Austin, Harris, EMI, So So Def, J Records, 19 Entertainment, Noontime and Sony Music are liable to Straughter for willful copyright infringement under 17 U.S.C. § 501. Straughter suffered, and will continue to suffer substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof.  In addition to Straughter's actual damages, he is entitled to receive the profits made by defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).  In the alternative, Straughter is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of the defendants' willful copyright infringement.

64.   Straughter does not have an adequate remedy at law for defendants' wrongful conduct in that (i) Straughter's copyright is unique and valuable property which has no readily ascertainable market value; (ii) the infringement by defendants constitutes an interference with Straughter's goodwill and professional reputation; and (iii) defendants' wrongful conduct, and the damages resulting to Straughter therefrom is continuing.  Defendants' acts of copyright infringement have caused Straughter irreparable injury, and defendants threaten to continue to commit these acts.  Straughter is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by defendants of their infringing composition and all sound recordings of "Got Me Waiting," and to an order under 17 U.S.C. § 503 that any of defendants' infringing products be impounded and destroyed.

65.   Straughter is also entitled to recover his reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER

WHEREFORE, Straughter respectfully requests judgment against the defendants, and each of them, jointly and severally, as follows:

1.   That the Court enter judgment against the defendants, and each of them, that the defendants have:

(a)   infringed Straughter's rights in the copyright to the Composition under 17 U.S.C. § 501, and that the substantial copyright infringement by defendants, and each of them, was willful; and

(b)   otherwise injured the business reputation and business of Straughter through the acts and conduct set forth in this Second Amended Complaint;

2.   For the damages suffered by Straughter as a result of the substantial copyright infringement complained of herein, as well as disgorgement of any profits of defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits and consideration derived by defendants from and as a result of their infringement of Straughter's copyright in the Composition;

3.   In the alternative, if Straughter so elects, in lieu of recovery of his actual damages and defendants' profits, for a 17 U.S.C. § 504(c) award of statutory damages against defendants, or any of them, for all copyright infringements (willful or otherwise) involved in this action as to each work in question;

4.   That defendants, and each of them, and each of their respective officers, agents and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from infringing the copyright in the Composition in any manner and from distributing, selling, advertising, broadcasting, publishing or communicating, in the United States

1  or elsewhere, any visual or sound recordings (including those identified in this

2  Second Amended Complaint), as well as any sheet music, commercials, or other

3  merchandise or materials that contain or refer to all or part of the Composition,

4  including the musical compositions and sound recordings of "Burn," "How to Deal"

5  and "Got Me Waiting," absent prior consent and license from Straughter;

6      5.    That the Court enter an order pursuant to 17 U.S.C. §§ 503 and 509

7  mandating the impounding of all infringing copies of "Burn," "How to Deal" and

8  "Got Me Waiting," and any other materials prepared by defendants containing any

9  copies of the Composition or any portions thereof;

10     6.    That the Court declare, adjudge and decree that defendants, and each

11  of them have been and are involuntary and constructive trustees, holding the gross

12  receipts from the aforesaid production, broadcast, distribution, sale or other

13  exploitation of "Burn," "How to Deal" and "Got Me Waiting," to the extent

14  attributable to the Composition or defendants' misuse of the protectible interests of

15  Straughter therein, and that defendants, and each of them, hold all such monies and

16  funds on behalf of and subject to a first and prior lien against all others and in favor

17  of Straughter;

18     7.    That defendants, and each of them, be required to account for and pay

19  over to Straughter all gains and profits derived by defendants, and each of them,

20  from or attributable to the production, broadcasting, licensing, distribution, sale or

21  other exploitation of the Composition, or any other uses of all or part of the

22  Composition made or authorized by defendants, or any of them, in any format,

23  media or market, in connection with "Burn," "How to Deal" and "Got Me Waiting";

24     8.    For an award of reasonable attorneys' fees and costs of suit incurred

25  herein; and

26  ///

27  ///

28  ///

1      9.    For such other and further relief in favor of Straughter as the Court

2  deems just and proper.

3

4  DATED: April 3, 2009            TESSER & RUTTENBERG
                              BRIAN M. GROSSMAN

5

6

7                              Attorneys for Plaintiff
                              ERNEST LEE STRAUGHTER

8                              E-mail: bgrossman@tesser-ruttenberg.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3          Straughter respectfully requests a trial by jury.

4

5    DATED: April 3, 2009                    TESSER & RUTTENBERG
                                             BRIAN M. GROSSMAN
6

7

8                                            Attorneys for Plaintiff
                                             ERNEST LEE STRAUGHTER
9                                            E-mail: bgrossman@tesser-ruttenberg.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the COUNTY of LOS ANGELES, STATE of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 12100 Wilshire

4

Boulevard, Suite 220, Los Angeles, California 90025.

5

     On April 3, 2009, I served the foregoing document(s) described as SECOND **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - REQUEST FOR**

6

**JURY TRIAL** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

Peter J. Anderson, Esq.         Zoey Kohn, Esq.
100 Wilshire Boulevard        Manatt, Phelps & Phillips, LLP

9

Suite 2010                   11355 West Olympic Boulevard
Santa Monica, CA 90401       Los Angeles, CA 90064-1614
Tel: (310) 260-6030          Tel: (310) 312-4000

10

Fax: (310) 260-6040          Fax: (310) 312-4224

11

    [x]    **BY MAIL:** I am readily familiar with my firm's or other business' practice for the collection and processing of correspondence for mailing with the United

12

            States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day. I placed true

13

            copies of the above-entitled document in envelopes addressed as shown above and sealed and placed them for collection and mailing on the date stated above,

14

            following ordinary business practices.

15

    [ ]    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s) as marked with an ***.

16

17

    [ ]    **BY FEDERAL EXPRESS:** I caused said envelope(s) to be sent by Federal Express to the addressee(s) on the attached service list.

18

    [ ]    **BY TELECOPIER:** In addition to the above service by mail, hand delivery, or Federal Express, I caused said document(s) to be transmitted by telecopier at

19

            approximately _____ p.m. to the addressee(s) above.

20

    [x]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

    [ ]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

Executed on April 3, 2009, at Los Angeles, California.

24

25

                                Vivian Cha

26

27

28