1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| Ernest Straughter,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Usher Raymond, IV et al.,<br><br>　　　　　Defendants. | No. CV 08-2170 CAS (CWx)<br><br>Hon. Christina A. Snyder, District Judge<br><br>Hon. Carla Woehrle, Magistrate Judge<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT**<br><br><br>Date of filing: April 1, 2008<br>Trial Date:　　Not yet set |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The parties to this action anticipate that the conduct of this matter may require disclosure of confidential information, including trade secrets, research, development, commercial, financial, and strategic information within the meaning of Fed.R.Civ.P. 26(c). Accordingly, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under F.R.C.P. 26(c)(1)(G), and with the consent of the parties, hereby ORDERED:

1. **Scope of Order.** This Order is intended to facilitate the parties' production of information and documents as part of voluntary disclosure and in response to discovery requests, as well as the production of information and documents by third parties in response to subpoena. Nothing in this order is to be construed to expand or limit the parties' or third parties' discovery obligations. This Order covers the production and use of all Discovery Materials in this action that constitute, contain or disclose, in whole or in part, information which the designating party deems to be "Confidential Information." All Documents, Pleadings, and testimony containing Confidential Information shall be protected in accordance with the terms of this Order. Although Discovery Materials and Pleadings that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information, to the extent feasible these materials shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

2. **General Definitions.** For purposes of this Order, the following terms have the following meanings:

    (a) "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as permitted under Federal Rule of Civil Procedure 34.

(b) "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes, digital files (e.g., MP3 files) and other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any third party pursuant to subpoena or otherwise created or included in the course of discovery.

(c) "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

(d) "Party" or "Parties' shall mean and include the parties to this litigation and their respective current and former officers, employees, agents, affiliates and subsidiaries.

(e) "Designating Party" shall mean the Party or Parties, or any third party producing documents or information pursuant to subpoena, designating Discovery Material as "Confidential Information."

3. **Confidential Information Defined.** For purposes of this Order, "Confidential Information" shall mean and include any information (regardless of how it is generated, stored, or maintained), including Documents, Discovery Materials and Pleadings, that contains information within the scope of Federal Rule of Civil Procedure 26(c), California Civil Code Section 3426 *et seq.*, or which is otherwise a trade secret, proprietary, confidential commercial or business information. ~~or otherwise confidential or private.~~ "Confidential Information" shall not include Documents that have been produced before entry of this protective order.

4. **Designating Protected Material.** All designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate the

information after such information has been produced, with the effect that such information is thereafter subject to the protections of this Order.

(a) **Designation of Discovery Materials Other Than Depositions or Other Pre-Trial Testimony.** Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any Confidential Information (or in the case of computer medium or other tangible item on the item's label and/or cover) to which the designation applies.

(b) **Designation of Deposition Testimony.** All depositions taken in this case and the transcripts thereof shall automatically be treated as Confidential Information for 20 days after receipt of the transcript. This 20-day period will begin running the day after the transcript is received by counsel for the party defending the deposition and will conclude at the end of the 20th consecutive day (including weekends and holidays). Any confidentiality designation must be sent to opposing counsel by the end of the 20th day. During the deposition or during this 20-day time period, any Party or third party deponent may designate the deposition or any portion thereof as Confidential Information. Upon delivery of such designation to the other Party or Parties, the entire deposition transcript or the designated portion thereof shall be treated as Confidential Information subject to this Stipulation. If any deposition transcript or portion thereof has not been designated as Confidential Information by the expiration of the 20-day period after receipt of the transcript, that deposition or portion will no longer be Confidential Information.

5. **Basic Disclosure Principles.** Neither the Parties nor their counsel shall permit disclosure of Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

6. **Disclosure of Confidential Information.** Confidential

Information may not be disclosed to any person except:

    (a) Any Party to this action, including the Party's counsel (whether in house or outside counsel), managers and Information Technology staff;

    (b) Counsel of record for the Parties in this action, including their paralegals and clerical staff, experts and consultants;

    (c) Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct this action, provided that experts shall not have access to Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

    (d) The Court and its personnel;

    (e) Court reporters engaged for depositions, hearings or trial;

    (f) Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A, subject to the terms of Paragraph 10;

    (g) The author(s) or any recipient of the document or the original source of the information in any document; and

    (h) Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A.

7. **Use of Discovery Material.** Confidential Information produced in this litigation shall be used for purposes of litigating and/or defending this action only, and for no other purpose. The persons or entities identified in Section 6, above, to whom Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information for any purpose, whatsoever, except those related to this action. Nothing in this Order shall prohibit any person or entity owning rights in or to Confidential Information from using

such information in any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business, though any prohibition or restriction on any such use of such Confidential Information in any previous order of the Court shall continue to govern use of such information.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

8. **Offering Materials into Evidence.**  If in connection with any motion or other proceeding in this action or Related Actions, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information, such evidence shall be redacted to remove all Confidential Information that is not reasonably necessary for the Court to understand the purpose of the Document as described in the Pleading and to effect the reasonable purpose of the offering party in submitting the document.

9. **Filing of Materials Containing Confidential Information.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information.  A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 and all orders of this Court.

10. **Filing Under Seal.**  Any Confidential Information filed with the Court shall be **submitted for filing** ~~filed~~ in a sealed envelope bearing the designation "Confidential: Subject to Protective Order," **together with a proposed order,** and shall otherwise comply with the requirements of Local Rule 79-5 and all orders of this Court.

11. **Right To Redact.**  Notwithstanding the right to designate information as Confidential, the Parties may redact from Discovery Material information that would qualify as Confidential Information under this Order, but

which is irrelevant or otherwise not responsive to the discovery request giving rise to production of the Discovery Material, subject to paragraph 18 below.

12. **Duration.**  This Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof.  This Order, as an Agreement, shall remain in effect until all Confidential Information is returned to the Designating Party or destroyed, as provided below.  Within thirty (30) days after termination of this Action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the Designating Party all information designated Confidential Information under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained.  In the alternative, counsel receiving Confidential Information may supervise the destruction of all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained.  Counsel shall then advise all parties' counsel in writing that all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned.

13. **Limiting Disclosure.**  In disclosing Confidential Information to persons as permitted by paragraph 6 of this Order, counsel of record shall make all reasonable efforts to limit disclosure to the minimum number of persons necessary to conduct this action.

14. **Access to Additional Person(s).**  To the extent a Party decides that in order to understand or evaluate any Confidential Information the assistance of person(s) not otherwise entitled to access to Confidential Information is necessary, that party may request permission of the Designating Party to show such information to the specifically identified additional person(s).  The Party receiving the request shall respond promptly and shall not unreasonably withhold consent.  If permission is granted and if that permission is confirmed in a writing signed by the

Designating Party or its, his or their counsel, the Confidential Information may be shown to the additional person(s), subject to the requirement that such person(s) agree to be bound by the terms of this Order and Agreement.  Any disclosure of Confidential Information under this paragraph shall not result in a waiver or termination of any of the rights and obligations to any other Party or person under this Order.  If permission is denied, the requesting Party may file an application *in camera* and under seal with the Court referencing the Confidential Information to be disclosed and, where appropriate, stating with particularity the reason or reasons assistance is needed, and naming the person to whom the Confidential Information is to be disclosed to obtain assistance.

15. **Challenges to Confidential Designation.**  In the event the recipient party disagrees with any designation of confidentiality, the Parties and/or applicable third parties shall attempt to resolve such dispute on an informal basis.  If the dispute is not resolved informally, the recipient party, by motion pursuant to the Joint Stipulation process and/or ex parte application, as proscribed in Local Rule 37, may contest the confidential designation.  The **designating** ~~recipient~~ party shall have the burden of establishing that the Discovery Material is ~~not~~ Confidential.  Pending resolution of the motion, the disputed material will continue to be treated as designated (*i.e.*, Confidential).  If the Court determines that any materials are not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

16. **Declassification.**  The restrictions on disclosure and use of Confidential Information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain by publication or otherwise, other than a result of a wrongful act or failure to act on the part of the Party claiming this exclusion.  However, the restrictions shall continue to apply if such publication or other disclosure results from criminal,

tortious or otherwise unlawful acts or omissions. A Party seeking to declassify material designated as Confidential Information may move the Court for a ruling that the material is not entitled to such status and protection.

17. **Right to Assert Other Objections.** This Order shall not be construed as requiring any Party or third party responding to a subpoena to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure. Nothing herein shall be construed or applied to affect the rights of any Party or third party to discovery or to assert any privilege or objection, or to prohibit any Party or third party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

18. **Use During Trial.** This Order is intended to govern the exchange and use of materials, information and Documents during discovery, trial preparation, and post-trial proceedings. Questions regarding the use of Confidential Information during the trial of this action, if any, will be addressed by the Court at a later time prior to or during trial.

19. **Subpoena or Order.** If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving party must so notify counsel for the Designating Party in writing immediately, and in no event more than five court days after receiving the subpoena or order. Counsel for the receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Nothing in these provisions should be construed as

1  authorizing or encouraging a receiving party in this action to disobey a lawful
2  directive from another court.
3         20.    **Inadvertent Production.**  If a Party through inadvertence
4  produces or provides discovery that it believes is subject to a claim of attorney-
5  client privilege, common interest privilege, or work product immunity, the
6  producing party may give written notice to the receiving party that the Document is
7  subject to a claim of attorney-client privilege, common interest privilege, or work
8  product immunity and request that the Document be returned to the producing
9  party.  The receiving party shall immediately return to the producing party all
10 copies of such Document and shall return or destroy all excerpts and summaries
11 thereof.  Return of the document by the receiving party shall not constitute an
12 admission or concession, or permit any inference, that the returned Document is, in
13 fact, properly subject to a claim of attorney-client privilege, common interest
14 privilege or work product immunity, nor shall it foreclose the receiving party from
15 moving for an order that such Document has been improperly designated as subject
16 to a claim of attorney-client privilege, common interest privilege, or work product
17 immunity or should be produced for reasons other than a waiver caused merely by
18 the inadvertent production.  The inadvertent disclosure of any privileged documents
19 shall not be deemed a waiver of that privilege as to any other Documents, testimony
20 or evidence.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

21. **Enforcement.**  This Order and Agreement may be enforced by an order of specific performance, as well as any claim for damages.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

SO ORDERED:

DATED this 12th day of August, 2009.

/s/ Carla M. Woehrle

Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *Straughter v. Raymond et al.,* Case No. CV 08-2170 CAS (CWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____