Alan G. Dowling, Esq. (SBN 70686)
ALAN G. DOWLING,
A PROFESSIONAL CORPORATION
6049 Pomegranate Lane
Woodland Hills, California 91367
Telephone: (818) 679-6395
Fax:          (818) 436-2117
Email:        agdowling@aol.com
*Attorneys for Plaintiff* Ernest Lee Straughter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE STRAUGHTER,<br><br>Plaintiff,<br><br>vs.<br><br>USHER RAYMOND IV, JERMAINE DUPRI MAULDIN, BRYAN MICHAEL COX, EMI APRIL MUSIC, INC., UR-IV MUSIC, INC., SO SO DEF PRODUCTIONS, INC., W.B.M. MUSIC CORP., BABYBOYS LITTLE PUBLISHING COMPANY, ARISTA RECORDS LLC, ZOMBA RECORDINGS LLC, SONY MUSIC ENTERTAINMENT and LaFACE RECORDS LLC, et al.,<br><br>Defendants. | No. CV 08-2170 CAS (CWx)<br><br>Hon. Christina A. Snyder<br>Courtroom 5<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTIONS OF DEFENDANTS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date Case Filed:   April 1, 2008<br>Trial Date:          None Yet Set<br><br>Hearing Date:     March 21, 2011<br>Time:                 10:00 a.m. |

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA. Case No. CV 08-2170 CAS(CWx)

0

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

## TABLE OF CONTENTS

**SUMMARY OF FACTS**      10

**APPLICABLE LEGAL STANDARDS**      10

    **A.**      **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ON ITS FACE, FLAGRANTLY VIOLATES THE COURT'S EXPLICIT RULES GOVERNING MOTIONS**      10

    **.B.**      **STANDARDS APPLICABLE TO SUMMARY JUDGMENT**      10

**ARGUMENT**      13

**A.**      **TRIABLE ISSUES OF MATERIAL FACT EXIST REGARDING PLAINTIFF'S AUTHORSHIP OF, AND OWNERSHIP OF COPYRIGHT IN, THE INFRINGED WORK, AND THERE IS NO EVIDENCE OF "UNCLEAN HANDS."**      13

**B.**      **TRIABLE ISSUES OF MATERIAL FACT EXIST REGARDING DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S WORK.**      17

        **1.**   **THERE IS AMPLE EVIDENCE OF DEFENDANTS' "ACCESS" TO PLAINTIFF'S WORK.**      17

        **2.**   **DR. KEYES IS FULLY QUALIFIED TO TESTIFY AS PLAINTIFF'S EXPERT MUSICOLOGIST.**      24

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

1

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

3.  DR. KEYES COMPELLINGLY
DEMONSTRATES THE EXISTENCE
OF NUMEROUS "STRIKING" AND
"SUBSTANTIAL" SIMILARITIES
BETWEEN  PLAINTIFF'S WORK
AND "BURN" APPLYING THE
EXTRINSIC TEST.                                      25

CONCLUSION                                                     34

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

2

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1

# TABLE OF AUTHORITIES

2

## STATUTES

3    *17 U.S.C. § 102(a)*                                                    *32*

4    *17 U.S.C. § 410[c]*                                                    *11*

5    *35 U.S.C. § 102*                                                       *32 n.3*

6

## COURT RULES

7    *F.R.Civ.P. Rule 56*                                                   *11*

8    *USDC, CD CA, Local Rules:*

9        *7-3*                                                              *10*

10       *11-3.6*                                                           *10*

11       *11-6*                                                             *10*

12       *56-1*                                                             *10*

13       *52-4.1*                                                           *10*

14   *Procedures and Schedules, Hon. Christina A. Snyder, USDC. CD CA*

15       *[and Notice to Counsel]*                                          *10*

16

## CASES

17   *Addison-Wesley Publishing Co. v. Brown*

18       *223 F.Supp. 219 (E.D.N.Y. 1963)*                                  *12*

19   *Adventures in Good Eating, Inc. v. Best Places to Eat, Inc.*

20       *131 F.2d 809 (7th Cir. 1942)*                                     *12*

21   *Anderson v. Liberty Lobby, Inc.*

22       *477 U.S. 242 (1986)*                                             *11*

23   *Apple Barrel Productions v. Beard*

24       *730 F.2d 384 (9th Cir 1984)*                                      *30*

25   *Arnstein v. Porter*

26       *154 F.2d 464, 469, 68 U.S.P.Q. 288 (2d Cir. 1946)*               *21*

27

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

3

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1    *Arthur Rutenberg Corp. v. Dawney, 647 F.Supp. 1214*

2        *(M.D. Fla. 1986)*                                                    26

3    *Autoskill, Inc. v. National Educ. Support Sys., Inc.*

4        *994 F.2d 1476, 1490, 26 U.S.P.Q. 2d 1828 (10th Cir.),*

5        *cert. denied, 510 U.S. 916 (1993)*                                  17

6    *Baron v. Leo Feist, Inc.*

7        *78 F.Supp. 686  (SDNY 1948)*

8        *aff'd 173 F.2d. 288 (2nd Ct. 1949)*                              33

9    *Baxter v. MCA, Inc.*

10        *812 F.2d 421 (9th Cir. 1987),*

11        *cert. denied, 484 U.S. 954 (1987)*                           21, 27, 30

12    *Blazon, Inc. v. DeLuxe Game Corp.*

13        *268 F.Supp. 416 (S.D.N.Y. 1965)*                                    12

14    *Blumcraft of Pittsburgh v. Newman Bros., Inc.*

15        *373 F.2d 905 (6th Cir. 1967)*                                     13

16    *Bouchat v. Baltimore Ravens, Inc.*

17        *241 F.3d 350, 354 (4th Cir. 2001)*                                19

18    *Bright Tunes Music Corp. v. Harrisongs Music Ltd.*

19        *420 F.Supp. 177 (S.D.N.Y. 1976)*                                24, 30

20    *Brown Bag Software v. Symantec*

21        *960 F.2d 1465, 1476, n. 4 (9th Cir 1992)*                         30

22    *Celotex Corp. v. Catrett*

23        *477 U.S. 317 (1986) (White, J., concurring)*                        11

24    *Coca-Cola Co. v. Overland, Inc.*

25        *692 F2d 1250, 1254  (9th Cir. 1982)*                                11

26    *Consolidated Music. Publishers, Inc. v. Ashley Pub., Inc.*

27        *197 F.Supp. 17 (S.D.N.Y. 1961).]*                                   28

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

4

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1   *Cornwell v. Electra Central Credit Union*

2        439 F3d 1018 (9th Cir. 2006)                                    12

3   *Cream Records, Inc. v. Joseph Schlitz Brewing Co.*

4        754 F.2d 826 (9th Cir.1985)                                     27

5   *Desert Palace, Inc. v. Costa*

6        539 U.S. 90, 123 S.Ct. 2148 (2003)                             12

7   *Design v. Lauren Knitwear Corp.*

8        782 F.Supp. 824, 829 n. 11 (S.D.N.Y. 1991)                     26

9   *Doran v. Sunset House Distrib. Corp.*

10       197 F.Supp. 940 (S.D Cal. 1961,

11       aff'd, 304 F.2d 251 (9th Cir 1962)                         21

12  *Dream Games of Ariz., Inc. v. PC Onsite*

13       561 F.3d 983, at 991 (9th Cir. 2009)                       17

14  *Eastman Kodak Co. v. Image Technical Services, Inc.*

15       504 U.S. 451, 112 S.Ct. 2072 (1992)                            11

16  *Elsmere Music, Inc. v. National Broadcasting Co.*

17       482 F.Supp. 741, 744 (S.D.N.Y.)

18       aff'd, 623 F.2d 252 (2d Cir. 1980)                             27

19  *FASA Corp. v. Playmates Toys, Inc.*

20       912 F.Supp. 1124 (N.D. Ill. 1996)                              32

21  *Feist Publications, Inc. v. Rural Tel. Serv. Co*

22       499 U.S. 340, 361 (1991)                                       26

23  *Fred Fisher, Inc. v. Dillingham*

24       298 Fed. 145 (SDNY 1924)                                       33

25  *Granite Music Corp. v. United Artists Corp.*

26       532 F.2d 718 (9th Cir. 1976)                              12

27

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND  HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

5

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1   *Harris v. Itzhaki (9th Cir. 1999)*

2        *183 F3d 1043, 1051*                                                          *11*

3   *Heim v. Universal Pictures, Co.*

4        *154 F.2d 480 (2d Cri 1946)*                                                  *21*

5   *In re Independent Services Organizations Antitrust Litigation*

6        *964 F.Supp. 1469, 1474 (D. Kan. 1997)*                                       *12*

7   *Jarvis v. A&M,*

8        *827 F.Supp. 282 (D.N.J. 1993)*                                              *30*

9   *Kamar Int'l, Inc. v. Russ Berrie and Co.*

10       *657 F.2d 1059, 1062, 216 U.S.P.Q. 376 (9th Cir. 1981).*               *17, 18*

11  *Key Publications, Inc. v. Chinatown Today Pub Enterprises, Inc.,*

12       *945 F.2d 509, 513 (2d Cir. 1991)*                                           *32*

13  *Knitwaves, Inc. v. Lollytog, Ltd.*

14       *71 F.2d 996, 1003 (2d Cir. 1995)*                                          *29, 30*

15  *Laureyssens v. Idea Group, Inc.*

16       *768 F.Supp. 1036 (S.D.N.Y.1991),*

17       *rev'd in part, 964 F.2d 131 (2d Cir. 1992)*                                *33*

18  *Lester v. U2 Ltd., U.S.D.C., C.D. Cal., CV 07-05612, Docket No. 261*          *25 n.2*

19  *Meta-Films Associates, Inc. v. MCA, Inc.*

20       *586 F.Supp. 1346, 222 U.S.P.Q. 211 (C.D.Cal. 1984)*                        *20, 21*

21  *Moore v. Columbia Pictures Industries, Inc.*

22       *972 F.2d 939, 23 U.S.P.Q.2d 1854 (8th Cir. 1992)*                      *20*

23  *Mulberry Thai Silks, Inc., v. K & K Neckwear, Inc.*

24       *897 F.Supp. 789, 792 (S.D.N.Y. 1995)*                                       *12*

25  *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*

26       *182 F3d 157, 160 (2nd Cir. 1999)*                                           *11*

27

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*

    210 F3d 1099, 1102 (9th Cir. 2000) — 11

*Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*

    558 F.2d 1090, 1093 n.3 (2d Cir. 1977) — 33

*Peel & Co., Inc. v. Rug Market*

    238 F.3d 391 (5th Cir. 2001) — 12

*R. Dakin & Co. v. A&L Novelty Co.*

    444 F.Supp. 1080 E.D.N.Y. 1978) — 12

*R. Dakin & Co. v. Charles Offset Co.*

    441 F.Supp. 434 (S.D.N.Y. 1977) — 13

*Rice v. Fox Broadcasting Co.*

    148 F.Supp.2d 1029, 2002 Copr.L.Dec. P 28,374 (C.D.Cal. 2001) — 18

*SEC v. Koracorp Industries*

    575 F2d 692, 699 (9th Cir. 1978) — 11

*Shaw v. Lindheim*

    919 F.2d 1353 (9th Cir. 1990) — 30

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*

    562 F.2d 1157 , 196 U.S.P.Q 97 (9th Cir. 1977) — 17, 27, 28, 29, 30

*Smith v. Little, Brown & Company*

    245 F.Supp. 451, 146 U.S.P.Q. 540 (SDNY 1965) — 20

*Southern Bell Tel. & Tel. v. Associated Tel. Directory Publishers*

    756 F.2d 801 (11th Cir. 1985) — 26

*Steinberg v. Columbia Pictures Industries, Inc.*

    663 F.Supp. 706, 713 (S.D.N. Y. 1987) — 28

*Swirsky v. Carey*

    376 F. 3d 841, 844-45 (9th Cir. 2004) — 28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

7

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1   *Tempo Music Inc. v. Famous Music Corp.*
2       838 F.Supp. 162 (S.D.N.Y. 1993)                                    30
3   *Testa v. Janssen*
4       492 F.Supp. 198 (W.D Pa. 1980)                                     22, 26
5   *Three Boys Music Corp. v. Bolton*
6       212 F.3d 477, 54 U.S.P.Q.2d 1720 (9th Cir. 2000)     17, 18, 22, 24, 28
7   *Tin Pan Apple, Inc. v. Miller Brewing Co.*
8       30 U.S.P.Q.2d 1791, 1793-94 (S.D.N.Y. 1994)                        28
9   *Towler v. Sayles*
10      76 F.3d 579, 37 U.S.P.Q.2d 1785 (4th Cir. 1996)                19
11  *T-Peg, Inc. v. Vermont Timber Works, Inc.*
12      459 F.3d 97, 79 U.S.P.Q.2d 1919 (1st Cir. 2006)                20
13  *Transgro, Inc. v. Ajac Transmission Parts Corp.*
14      768 F.2d 1001 (9th Cir. 1985),
15      cert. denied, 474 U.S. 1059 (1986)                                 12
16  *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*
17      809 F.2d 626 (9th Cir. 1987)                                  11
18  *United States v. Ahrens*
19      530 F.2d 781 (8th Cir. 1976)                                  11
20  *Whitney v. Ross Jungnickel, Inc.*
21      179 F.Supp. 751 (S.D.N.Y. 1960)                                    13
22  *Wilkie v. Santly Bros*
23      13 F.Supp. 136, 157 (SDNY 1935),
24      aff'd 91 F.2d 978 (2nd Cir.),
25      cert. denied 302 U.S.735 (1937)                                    33
26  *Williams Elecs., Inc. v. Arctic Int'l, Inc.*
27      685 F.2d 870 (3d Cir. 1982)                                        11
28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)                8       PLTF P&A IN OPP TO DEFS MOT FOR
                                                                 SUMMARY JUDGMENT

*Winn v. Opryland Music Group, Inc.*

  22 Fed. Appx. 728, 729 (9th Cir. 2001)          26

*Worth v. Selchow & Righter Co.*

  827 F.2d 569, 570 n.1, 572 (9th Cir 1987)       26

*Zuill v. Sheridan*

  80 F. 2d 1366, 1369 (9th Cir. 1996)         16

**JURY INSTRUCTIONS**

*9th Circuit Model Civil Jury Instructions ("MCJI"), Copyright:*

  17.12                     13

  17.15-17.17                31

**SECONDARY AUTHORITIES**

*Goldstein on Copyright*

  Sec. 9.2.1.1                17

  Sec. 10.3                 30

  Sec. 11.6                 17

*Nimmer on Copyright*

  Sec. 2.01[A]                32

  Sec. 12.11(A)-12.11[C]           26

  Sec. 12:11(B)               12

  Sec. 13.01(A)               26

  Sec. 13.01(B)               22

  Sec. 13.02(A)               21

  Sec. 13.03[A] at 13-36 & n. 54        27

*Sherman, Musical Copyright Infringement:*

  The Requirement of Substantial Similarity,

  22 ASCAP Copyright L. Symp. 81 (1977)      26

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)
  9  
PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES
## SUMMARY OF FACTS

Because of the complexity and number of issues raised by Defendants in their two improperly combined, interwoven motions, coupled with the limit of the maximum number of pages in memoranda. Plaintiff, in lieu of a detailed recital of the facts and evidence, respectfully requests that the Court thoroughly review the detailed Declarations of Ernest L. Straughter, Dr. Cheryl L, Keyes, Ph.D., and Alan G. Dowling, and the exhibits submitted therewith.  Recitations of fact herein will, perforce, be quite summary and cursory.

## APPLICABLE LEGAL STANDARDS

**A.      DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ON ITS FACE, FLAGRANTLY VIOLATES THE COURT'S EXPLICIT RULES GOVERNING MOTIONS.**

Defendants' duet of interconnected motions—one for summary judgment and the other to exclude or strike testimony, reports or opinion from Plaintiff's expert Dr, Cheryl L. Keyes, Ph.D.- blatantly, even contumaciously, violate several explicit rules of this Court.  Plaintiff would not normally lead off with this argument, but in this case it is so egregious that the Court should, without hesitation, strike the papers and refuse to consider Defendants' motions at all.   At no time have Defendants sought, or been granted, leave of court to engage in the tactics they have resorted to, here.   For factual details regarding Defendants' violations of Judge Snyder's Rules, as well as Local Rules 7-3, 11-3.6, and 11-6, in addition to their already having been notified by the Court of having violated Local Rules 52-4.1 and 56-1,  see Decl. of Alan G. Dowling, paras. 1-11 and Exhs. I, J and K.

**B.      STANDARDS APPLICABLE TO SUMMARY JUDGMENT.**

The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the court that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." [FRCP 56(c); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F3d 1099, 1102]. It is a "heavy burden." [*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.* (2nd Cir. 1999) 182 F3d 157, 160].

Rule 56 does *not* permit trial by affidavits. The court's function on a motion for summary judgment is *issue-finding, not issue-resolution.* Credibility determinations, the weighing of the evidence, and *the drawing of legitimate inferences* from the facts are *jury* functions. [*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–255, 106 S.Ct. at 2511–2513 (emphasis added); see also *Harris v. Itzhaki* (9th Cir. 1999) 183 F3d 1043, 1051; *SEC v. Koracorp Industries* (9th Cir. 1978) 575 F2d 692, 699.] *"The evidence of the non-movant is to be believed,* and *all justifiable inferences are to be drawn in his favor."* [*Anderson v. Liberty Lobby, Inc.,* supra, 477 U.S. at 255, 106 S.Ct. at 2513]. At the summary judgment stage, the nonmovant's version of any disputed issue of fact is presumed correct. [*Eastman Kodak Co. v. Image Technical Services, Inc.* (1992) 504 U.S. 451, 112 S.Ct. 2072; *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n* (9th Cir. 1987) 809 F2d 626, 630–631]. "It is not enough to move for summary judgment .. with a conclusory assertion that the (opposing party) has no evidence to prove his case." [*Celotex Corp. v. Catrett,* supra, 477 U.S. 317, 326, 106 S.Ct. at 2555 (J. White, concurring) (parentheses added)].

A party opposing summary judgment is also entitled to the benefit of any relevant presumptions that would be available at trial. [*Coca-Cola Co. v. Overland, Inc.* (9th Cir. 1982) 692 F2d 1250, 1254; see also *United States v. Ahrens* (8th Cir. 1976) 530 F2d 781, 784]. Thus, by virtue of 17 U.S.C. 410(c), a copyright registration certificate creates a prima facie presumption as to the validity of the copyright. [See, e.g., *Williams Elecs., Inc. v. Arctic Int'l, Inc.,* 685 F.2d 870

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

11

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1   (3d Cir. 1982).]   Thus, with respect to the issue of plaintiff's originality, upon

2   introduction of a properly registered certificate the burden shift to defendant to

3   prove that plaintiff copied from a prior source, and, hence, was not original. [*In re*

4   *Independent Services Organizations Antitrust Litigation*, 964 F.Supp. 1469, 1474

5   (D. Kan. 1997); *Mulberry Thai Silks, Inc., v. K & K Neckwear, Inc.*, 897 F.Supp.

6   789, 792 (S.D.N.Y. 1995); see *Transgro, Inc. v. Ajac Transmission Parts Corp.*,

7   768 F.2d 1001 (9th Cir. 1985), cert. denied, 474 U.S. 1059 (1986); *Nimmer on*

8   *Copyright* Sec. 12:11(B).]

9        Circumstantial evidence alone may create a genuine issue of material fact,

10  sufficient to defeat a motion for summary judgment. [*Cornwell v. Electra Central*

11  *Credit Union* (9th Cir. 2006) 439 F3d 1018, 1029–1030; and see *Desert Palace,*

12  *Inc. v. Costa* (2003) 539 U.S. 90, 100, 123 S.Ct 2148, 2154].   Summary judgment

13  motions will generally be denied where factual disputes exist as to intellectual

14  property *infringement or noninfringement.* [See, e.g., *Peel & Co., Inc. v. Rug*

15  *Market* (5th Cir. 2001) 238 F3d 391, 398 (in copyright cases, summary judgment is

16  improper where it is questionable whether a design is "*substantially* similar" to a

17  copyrighted design); *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718 (9th

18  Cir. 1976)("If a plaintiff offers proof that defendant has 'access' to his work and

19  that the two works are substantially similar, then a presumption of copying by the

20  defendants arises.").]

21       Mere denial by defendant unsupported by evidence is not sufficient to

22  overcome the prima facie presumption of plaintiff's originality. [*Blazon, Inc. v.*

23  *DeLuxe Game Corp.*, 268 F.Supp. 416 (S.D.N.Y. 1965);  see *Adventures in Good*

24  *Eating, Inc. v. Best Places to Eat, Inc.* 131 F.2d 809 (7th Cir. 1942); *Addison-*

25  *Wesley Publishing Co. v. Brown*, 223 F.Supp 219 (E.D.N.Y. 1963).]  Nor is it

26  sufficient for defendant to offer evidence of prior similar works in the absence of

27  evidence that <u>plaintiff copied</u> from such works.  [*R. Dakin & Co. v. A&L Novelty*

28  *Co.*, 444 F.Supp. 1080 E.D.N.Y. 1978).] It is only in the comparatively rare case

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

12

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1  that copying by the defendant can be proven by direct evidence.  [*Blumcraft of*
2  *Pittsburgh v. Newman Bros., Inc.*, 373 F.2d 905 (6th Cir. 1967); see *Whitney v. Ross*
3  *Jungnickel, Inc.*, 179 F.Supp. 751 (S.D.N.Y. 1960).]

4         Once a prima facie case of copying has been made by evidence of access and
5  substantial similarity, it has been said that, in the absence of countervailing
6  evidence of independent creation by defendant (or, presumably of authority from or
7  through plaintiff), a finding that there has been no copying would be clearly
8  erroneous.  [*R. Dakin & Co. v. Charles Offset Co.*, 441 F.Supp. 434 (S.D.N.Y.
9  1977.)]

10                              <u>**ARGUMENT**</u>

11  **A.      TRIABLE   ISSUES   OF   MATERIAL   FACT   EXIST**
12  **REGARDING   PLAINTIFF'S   AUTHORSHIP   OF   THE**
13  **INFRINGED   WORK   AND   HIS   OWNERSHIP   OF**
14  **COPYRIGHT IN THE INFRINGED WORK, AND THERE IS**
15  **NO EVIDENCE OF "UNCLEAN HANDS."**

16         Without question, Plaintiff establishes a prima facie (indeed, a compelling
17  and convincing) claim that he was, in mid 1998, the author of a musical
18  composition then called "The Reasons Why," which he allowed to be recorded by a
19  vocal group called Reel Tight, with whom he was working as a "session musician"
20  (pianist and guitar player) on their almost-completed first album. [Straughter Decl.
21  paras. 14-26.]  The work, by any legal standard, was "original."  [(Ibid., paras. 18-
22  21; see 9th Circuit Model Civil Jury Instructions ("MCJI") 17.12.]
23         Immediately upon completing a recording of the song with them, acting not
24  only as songwriter and session musician, but also producer, he obtained a
25  recording, which he submitted to the U.S. Copyright Office in June 1998 with his
26  "deposit copy" of the recording. [Straughter Decl. paras. 27-30 and Exs. D.]  The
27  group's debut album was not commercially released until April 1999. [Ibid., para.
28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v. Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)                13                PLTF P&A IN OPP TO DEFS MOT FOR
                                                                                       SUMMARY JUDGMENT

45 and Exh. J.]  When Plaintiff obtained a copy of it in the interim, he learned that the group and their record label had changed the name of the song to "No More Pain;" possibly it was because they had chosen to include on the same album their "cover version" of an old Earth, Wind & Fire song, called "Reasons."  Plaintiff was delighted to have his song recorded, and released, but perplexed about the name change.  On the album, the group also falsely claimed credit, in the "liner notes" to the album, as "co-writers" of the song, with Plaintiff, even though that was untrue, and they had never registered a claim of copyright in it themselves (unlike most of the other songs they co-wrote on the album).  However, Plaintiff saw nothing to be gained by complaining any further, much less suing—after all, he had received credit, had recorded it with them, it was released, they achieved some success, and he had long-before registered his own claim of copyright in the song.  [Ibid. paras. 45, 40 and Exh.K.]

Defendants make an overwrought claim that Plaintiff "cannot" prosecute this action, absent a certified copy of the "deposit copy" of his song that he sent to the Copyright Office in 1998.  However, Defendants have known since late 2009 that Plaintiff obtained a certified copy from the USCO, and that he verified that in discovery responses under oath.  [Ibid., paras. 31-33 and Exh. E-H.]  In losing his previous counsel, being pro se for a time, and moving his files to new counsel, the copy verified as having been received from USCO in 2009 was apparently misplaced.  [Straughter Decl. para.34.]  A replacement has just been ordered, will be obtained (in due course) within 6 to 8 weeks, and will be distributed and lodged immediately.  Plaintiff has requested leave, under F.R.Civ.P.56(d) to do that.  This is not and should not be fatal to his case. [Ibid.]  Defendants' arguments (in general, and against Dr. Keyes) based on the "absence" of the deposit copy, are both disingenuous and baseless, a "red herring."  As Mr. Straughter, who wrote and record the song, registered the copyright, and heard the "certified" duplicate when

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v. Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

14

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1   received from the USCO in 2009, states, the musical work entitled "The Reasons
2   Why" when he registered his copyright claim, later renamed "No More Pain" by
3   Reel Tight, is one and the same as the recording Reel Tight included and released in
4   their 1999 album, "Back to the Real." [Straughter para. 29.]  All parties, and both
5   experts, have reviewed and relied upon the recording of "No More Pain"
6   throughout this litigation, in comparing it to "Burn."

7       Defendants have also come up with "evidence" of recent assertions by two
8   members of Reel Tight that they, not Plaintiff, had written the musical composition
9   in question, in Chattanooga, before coming to Los Angeles [Dowling Decl. Exh. D
10  (Rice Depo.) pp. 59:2-11, and Exh. E (Long Depo." P. 99:2-14)], and Rice states
11  that "it had to have been done in 1997." [Dowling Decl. Exh. D (Rice Depo.) pp.
12  59:2-11.]  However, that assertion is undermined by the confirmation by Long that
13  the group had already moved to Los Angeles around 1996 [Long Depo., Dowling
14  Decl. Exh. E at pgs. 11:11-12:11 and 97:24-99:1], and is squarely contradicted in
15  all events by Mr. Straughter's very detailed recollection of the circumstances of the
16  song's creation and recording.) [Straughter Decl. paras. 14-26.]

17      Defendants further assert that there was an "agreement" in 1998, between
18  Mr. Straughter and his brother David, and the group and its label, whereby the
19  Straughters would only own 13% of the copyright.  The validity of that alleged
20  agreement (which post-dated Mr. Straughter's copyrighting of the composition as
21  an unpublished work in June 1998, and of which "agreement" he had no previous
22  knowledge) is open to question.  [Ibid. paras. 42-43.]  There was never any written
23  assignment of Mr. Straughter's already-recorded copyright, no written confirmation
24  of any such deal signed by Mr. Straughter, and the group and its label never paid
25  him any portion of mechanical royalties or any other sum whatsoever pursuant to
26  any such alleged deal.  No litigation has ever been commenced by Reel Tight as
27  regards any such share in the copyright (which they never bothered to register. It is
28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)      15      PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1    questionable whether Reel Tight could even pursue such a claim at this late date,

2    much less whether they could ever prevail on the merits. [See *Zuill v. Sheridan*, 80

3    F. 2d 1366, 1369 (9th Cir. 1996).]   More importantly, Defendants have no standing

4    whatsoever to assert rights allegedly belonging to third parties, who have not

5    chosen to pursue them in more than a decade, despite participation as third party

6    witnesses in this case for the past year. Those parties are not before this Court, and

7    this Court is not about to try their "claim" in their absence, in the midst of this case.

8        Neither can the bald claim by Reel Tight limit the damages recoverable from

9    Defendants in this case (to 13% or otherwise). Preliminarily, the parties have

10   bifurcated discovery and motions in this case, and damages are not yet ripe for

11   adjudication. Hence, Defendants' "motion for partial adjudication" to limit

12   Plaintiff's damages is premature. Unquestionably, being at least a co-owner of the

13   copyright (i.e. whether he owns 100% or 13%), Mr. Straughter has standing to

14   pursue these claims.   If Defendants are found liable, they must disgorge all

15   wrongfully obtained profits and pay any other damages, fees and costs, per the law.

16   It is then incumbent upon Mr. Straughter, if indeed he is only a partial owner of the

17   copyright, to account to the others for, and pay them their share of, the proceeds of

18   the case.  Nothing in the law says that Defendants may retain wrongfully obtained

19   profits from infringing another's work, simply because the other co-owners (with

20   Plaintiff) have not joined in the action against Defendants.  The New York cases

21   cited as potentially limiting Plaintiff's recovery are factually inapposite and do not

22   state the law in the Ninth Circuit.

23       On the evidence present here, Defendants suggestion that Plaintiff has

24   "unclean hands," based on a vigorously disputed, unproven assertion by a third

25   party that they were co-authors, with Plaintiff, of Plaintiff's copyrighted work, not

26   only misconstrues the law of "unclean hands," but is baseless in fact.  Defendants

27   grossly distort the law of "unclean hands," as applied in copyright actions.  [See

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,                    16                    PLTF P&A IN OPP TO DEFS MOT FOR
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)                                      SUMMARY JUDGMENT

1  *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, at 991 (9th Cir. 2009);

2  Goldstein on Copyright, Sec. 11.6.]

3      B.      **TRIABLE ISSUES OF MATERIAL FACT EXIST**

4              **REGARDING DEFENDANTS' INFRINGEMENT OF**

5              **PLAINTIFF'S WORK.**

6          Defendants vigorously assert that Plaintiff's allegations, now declaration

7  testimony, are contradicted by Defendants' witnesses.  By that same evidence on

8  their part, however, Defendants not only fail to show the *absence* of triable issues

9  of fact; they convincingly establish, through such conflicting evidence, why this

10  case must be tried, and is not a proper case for summary judgment.

11      1. **THERE IS AMPLE EVIDENCE OF DEFENDANTS'**

12          **"ACCESS" TO PLAINTIFF'S WORK.**

13      "Access is proven when the plaintiff shows that the defendant had an

14  opportunity to view or to copy plaintiff's work."  [*Sid & Marty Krofft Television*

15  *Productions, Inc. v. McDonald's Corp.* 562 F.2d 1157, 1172, 196 U.S.P.Q 97 (9th

16  Cir. 1977).]   A *defendant need only be shown to have had a "reasonable*

17  *opportunity" or "reasonable possibility" of viewing the plaintiff's work.*  [*Three*

18  *Boys Music Corp. v. Bolton* 212 F.3d 477, 482, 54 U.S.P.Q.2d 1720 (9th Cir. 2000);

19

20  *Kamar Int'l Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir. 1981).  See also

21  *Goldstein on Copyright* sec. 9.2.1.1, citing *Autoskill, Inc. v. National Educ. Support*

22  *Sys., Inc.*, 994 F.2d 1476, 1490, 26 U.S.P.Q. 2d 1828 (10th Cir,), cert. denied, 510

23  U.S. 916 (1993) ("defining access as the 'opportunity' to view or copy makes sense

24  for the purposes of shifting the burden to the defendant").]

25      There are three theories of access which could be used to link Plaintiff's song

26  "No More Pain" to Defendants, in particular via mutual contacts variously

27  occurring in 1998-1999 between and among Plaintiff, Reel Tight, Reel Tight's

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)          17          PLTF **P&A IN OPP TO DEFS MOT FOR**
**SUMMARY JUDGMENT**

producer/record label head Warren G. Usher, and Usher's co-producer of "Burn" Jermaine Dupri.

**Chain of Events.**    Evidence of reasonable access can be proven circumstantially if "a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company)." *[Three Boys, supra,* at 482.]    The California Central District Court has found access, at least enough to get past summary judgment, when a chain of events is established, even if "a fair amount of speculation and conjecture" is necessary to construct the chain. [See *Rice v. Fox Broadcasting Co.* 148 F.Supp.2d 1029, 1049, 2002 Copr.L.Dec. P 28,374 (C.D.Cal. 2001) (granting summary judgment based on lack of substantial similarity even though <u>access was found</u>).]    In *Rice* the court had to assume that plaintiff or his agent at ICM gave the idea or a copy of plaintiff's work to another agent at ICM, who in turn gave the idea or the copy to a client who is a producer, who then shared the idea or copy with the executive in charge of the allegedly infringing work.    The court in *Rice* found that "while Plaintiff's evidence of access is weak, it is enough to raise a triable issue of fact as to whether [defendants] had the opportunity to view or copy [plaintiff's work]." *Id.* at 1049-1050. The court noted that "the question..is not whether Defendants <u>actually</u> viewed or copied [plaintiff's work]..but whether they had <u>the opportunity</u> to do so." *Id.* (emphasis added).

**Third Party Intermediary.**    In the Ninth Circuit, "evidence that a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work is sufficient to establish access by the defendant." [*Kamar Int'l, Inc. v. Russ Berrie and Co.* 657 F.2d 1059, 1062, 216 U.S.P.Q. 376 (9th Cir. 1981).] In *Kamar* the court found that defendant "did business with the same Korean

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
WOODLAND HILLS, CA

PLTF P&A IN OPP TO DEFS MOT FOR SUMMARY JUDGMENT

1   stuffed animal manufacturers employed by [plaintiff] to make [plaintiff's] stuffed

2   animals." *Id.* at 1062. That evidence was alone enough to demonstrate access. *Id.*

3        The Fourth Circuit will find access has been established if it is "reasonably

4   possible that the paths of the infringer and the infringed work crossed." [*Towler v.*

5   *Sayles* 76 F.3d 579, 582, 37 U.S.P.Q.2d 1785 (4th Cir. 1996).]  In *Towler*, the

6   Fourth Circuit held that "a court may infer that the alleged infringer had a

7   reasonable possibility of access if the author sent the copyrighted work to a third

8   party intermediary who has a close relationship with the infringer." *Id.* at 583.  In

9   this case, Warren G, the producer of Reel Tight's album (with Straughter, as to "No

10  More Pain"), friend and collaborator with Dupri and Usher in the same two to three

11  year period, and an individual who told Straughter he had given the Reel Tight

12  record to Dupri, is such a person.[1]   Dupri was the principal composer of the music

13  of "Burn," according to him, Usher and Cox.  [Dowling Decl. Exhs. B (Dupri

14  Decpo.) pp. 45-53, Exh. A (Usher Depo) pp. 11-32, and Exh. C (Cox Depo.) pp.

15  50-57, 67-77; see also Dowling Decl. Exh. G (Dupri Am. Rog. Resps., item 9.]

16  [*Bouchat v. Baltimore Ravens, Inc.* 241 F.3d 350, 354 (4th Cir. 2001)(plaintiff was

17  "merely required to prove that [the intermediary] had access to the [work] by

18  showing [the intermediary] had the opportunity to view [the work]."   More

19  recently, the First Circuit has also held that "a trier of fact may impute access when

20  there is evidence that a third party with whom both the plaintiff and defendant were

---

1  Warren G's connections with Dupri, circa 1997-1999 in particular, were
numerous, substantial, and direct. [Straughter Decl. paras. 39, 54-55, and Exhs. L-
R] and accompanying exhibits.]  Moreover, Warren G told Straughter, in Fall 1998,
that he had given a copy of the Reel Tight album to Dupri.  Straughter Decl., para.
39.)  This is not inadmissible hearsay, from Mr. Straughter, now, as Defendants'
proffered the issue in their moving papers, submitting a contrary declaration from
Warren G (Griffin), which Mr. Straughter is now merely contradicting, consistent
with his contentions over the past two years.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)          19          PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1    dealing had possession of plaintiff's work, and the plaintiff's and defendant's

2    dealings took place concurrently." [*T-Peg, Inc. v. Vermont Timber Works, Inc.* 459

3    F.3d 97, 111, 79 U.S.P.Q.2d 1919 (1st Cir. 2006)(court found that defendant could

4    have been given the copy directly by the third party, and that was sufficient to

5    impute access).

6

7        **Corporate Receipt Doctrine.**  The final theory of access is the Corporate

8    Receipt Doctrine.  In *Smith v. Little, Brown & Co.*, the plaintiff's work was in

9    Little, Brown's office where Miss Jones was employed.  Miss Jones, thus had the

10   opportunity to see the work, and the alleged infringer had access to Miss Jones.

11   [*Smith v. Little, Brown & Co.* 245 F.Supp.451, 458, 146 U.S.P.Q. 540 (SDNY

12   1965).]  The court found that "the relationship between the individual who had

13   viewed the plaintiff's work and the creator of the alleged infringing work was

14   sufficiently close to justify a finding of access." Ibid.

15

16       In the Ninth Circuit, "the nexus between the defendant and the individual

17   possessing knowledge of the plaintiff's work" must be "sufficiently strong to raise a

18   reasonable possibility of access by the defendant to the plaintiff's work." [*Meta-*

19   *Films Associates, Inc. v. MCA, Inc.* 586 F.Supp. 1346, 1355, 222 U.S.P.Q. 211

20   (C.D.Cal. 1984).]  While insufficient evidence was presented to find access in

21   *Meta-Films*, the court discussed a number of ways in which access may be shown

22   under some sort of corporate receipt doctrine.  For example, the court noted that

23   access can be shown where "an executive with responsibility for the allegedly

24   infringing work [e.g., Dupri and/or Usher] not only had an opportunity to view the

25   plaintiffs' work, but also participated in meetings regarding the defendant's work in

26   which he could provide creative comments or suggestions." *Id.* at 1356. [*See also*

27   *Moore v. Columbia Pictures Industries, Inc.* 972 F.2d 939, 944, 23 U.S.P.Q.2d

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)          20          PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1864 (8th Cir. 1992) ("the corporate receipt doctrine applies where there is a relationship linking the intermediary and the alleged copier, even though the purported copier is not an employee of the intermediary.") [*Id.* at 942, citing *Meta-Films* holding that "under certain circumstances, courts have drawn an inference of access in situations when the individual with knowledge of plaintiff's work and the defendant are not part of a business enterprise, but rather have dealings with one another.".]

Such evidence, even if unlikely to prevail at trial, establishes that the defendants had a reasonable opportunity to view or copy plaintiff's work, "at least for summary judgment purposes." [*Moore, supra,* at 945.] Summary judgment is proper only "if <u>indubitably</u> defendant did not have access to plaintiff's compositions." [*Arnstein v. Porter* 154 F.2d 464, 469, 68 U.S.P.Q. 288 (2d Cir. 1946) (emphasis added).] Thus, if there is any issue as to access, even if the only issue is credibility, "plaintiff is entitled to a trial." <u>Id.</u> In *Arnstein*, the court found that both the plaintiff's and defendant's "credibility is unavoidably involved" in the question of access, and thus, plaintiff deserves a jury that "can observe the witnesses while testifying." *Id.*

A more common circumstance in which access need not be proven occurs when the similarity between plaintiff's and defendant's works is sufficiently striking that the trier of fact may be permitted to infer copying, notwithstanding the plaintiff's inability to prove access. [*Heim v. Universal Pictures, Co.,* 154 F.2d 480 (2d Cri 1946); *Arnstein v. Porter,* 154 F.2d 464 (2d Cir. 1946); *Baxter v. MCA, Inc.,* 812 F.2d 421, 423 n. 2 (9th Cir. 1987), *cert. denied,* 484 U.S. 954 (1987); *Meta-Films Assocs. Inc. v. MCA, Inc.,* 586 F.Supp. 1346 (C.D. Cal. 1984); *Nimmer on Copyright* Sec 13.02(A); *Doran v. Sunset House Distrib. Corp.,* 197 F.Supp. 940

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

21

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

(S.D Cal. 1961, aff'd, 304 F.2d 251 (9th cir 1962)("access is but a means of eliminating coincidence or independent effort as an explanation for likenesses between the copyrighted article and the infringing article."); *Testa v. Janssen*, 492 F.Supp. 198 (W.D Pa. 1980).]   In *Three Boys, supra*, 212 F.3d at 484, the court found, "It is entirely plausible that two Connecticut teenagers obsessed with rhythm and blues music could remember an Isley Brothers' song that was played on the radio and television for a few weeks, and subconsciously copy it twenty years later.")

Defendants here fail to meet their burden of proof as to any possibility of "independent creation."  It is not enough for Defendants to assert, or get others to "admit," that there is a bare "possibility" that isolated component elements of Defendants' work "might have been" independently created.  Because Plaintiff can ordinarily do no more than offer evidence of access and probative similarity to prove the physical act of copying, some courts have sought to give a heightened measure of protection to the plaintiff against a trier's uncritical acceptance of the defendants' answer claim of independent creation.  This result has been achieved through the imposition on the defendant of a high standard of proof of independent creation where the plaintiff has clearly established access and probative similarity. [*Nimmer on Copyright* Sec. 13.01(B).]

In this case, there is ample evidence to establish access via all three of the foregoing means.  Among other things Defendants' own admissions and/or Mr. Straughter's Declaration verify that:

(1) Mr. Straughter was informed by common friends that copies of the Reel Tight album were in fact given to Usher and Jermaine Dupri in 1998 [Straughter Decl. paras. 37-39];

(2) there was a long history of personal contacts and collaborations variously occurring over a period of ten years between and among Usher and Reel Tight [Dowling Decl. Exh. A (Usher Depo.), pp. 64-75, Exh. E (Long Depo.,) pp. 61-65 (first met Usher in 1989; Usher came to a couple of their talent show practices; see 62:8-11 "there was a time that Usher wanted to be in our group. So sometimes he'll come to our practice. . . .")]; between Usher, Dupri and Cox [see Defendant admissions at Dowling Decl. Exh. A (Usher Depo.) pp. 11, 34-39, 43-48, Exh. G (Dupri Am. Rog. Resps.) at item 9, and Exh. C (Cox Depo.) pp. 42-47]; between Dupri, Usher and Reel Tight's producer/record label head Warren G [see Defendant admissions at Dowling Decl. Exh. F (Usher A, Rog. Resps. Items 1, 4, Exh. G (Dupri Am. Rog. Resps. Items 1, 4, and Exh. A (Usher Depo.) pp. 33-34]; and so on [Straughter Decl. paras. 54-60 and Exhs. L-U].

(3) Usher and members of Reel Tight, of similar age, had, in their youth, common backgrounds growing up in Chattanooga, TN in the Eastdale neighborhood, and later spending time in Atlanta, GA, including the same elementary (Orchard Knob) and junior high school (Dalewood), singing in their local church and school choirs, pursuing interests in rhythm & Blues, soul, urban and gospel music, being members of musical groups (Usher in "New Beginning," and Reel Tight members having started out in "Main Attraction," re-named "Ecstacy," then re-named "Reel Tight"), performing in talent shows, and the like [see Defendant admissions at Dowling Decl. Exh. A (Usher Depo.) pp. 51-56, 64-80; Exh. F (Usher Am. Rog. Resps) item 5, Exh. E (Long Depo. pp.17, 28, 31-39, 43, 43-44, 48-49, 61-65, Exh. D (Rice Depo.) pp. 17, 22-29; Straughter Decl. paras. 56-58, and Exh. S]; and

(4) Dupri in particular, Usher, and to a much lesser extent Cox, have a long,

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

prolific history of sampling and remixing other artists' works, and Dupri has bragged unabaahedly of his practice of deliberately taking pieces of other artists' songs and using them in "building" his own [Straighter Decl. paras. 59-60 and Exhs. T, U].

It is immaterial, especially for purposes of this motion, whether or not Defendants copied Mr. Straughter's song *intentionally*, or did so *subconsciously*. [*Three Boys, supra, at 484; Bright Tunes Music Corp. v. Harrisongs Music Ltd.*, 420 F.Supp. 177 (S.D.N.Y. 1976).] Both Dupri and Cox admit they've listened to scores of thousands of songs over the years, cannot recall the names or artists of all of them, and are influenced in their own songwriting by what they've heard. [See Dowling Decl. Exhs. Exh. B (Dupri Depo.) pp. 57-61, and Exh. C (Cox Depo.) pp. 59-60, 65-67; Straughter Decl. Exh. U (Dupri YouTube video).]

## 2. DR. KEYES IS FULLY QUALIFIED TO TESTIFY AS PLAINTIFF'S EXPERT MUSICOLOGIST.

Defendants attack the integrity and ethics of Dr. Keyes, by referring to a contingency percentage fee agreement she reached with Mr. Straughter in September 2010; however, that fee agreement exists no more. [Straughter Decl. Para. 71; Keyes Decl. paras. 24-25.] Mr. Straughter and Ms. Keyes were, as they explain candidly, innocent and ignorant of the law to which Defendants refer, when they made that agreement. It was simply an error of judgment (in hindsight), and has been rectified. [Straughter Decl. Paras. 73 and 66-71; Keyes Decl. paras. 26, and 20-24.] Mr. Straughter's current counsel, Mr. Dowling, has openly acknowledged his own failure to have prevented that from happening, out of sheer oversight under exigent circumstances. [Dowling Decl. paras. 26-31 and fn. 2.] That agreement, now rescinded and replaced, is simply no longer an issue.

Even more to the point, Dr. Keyes had been retained, and paid on an hourly

basis, by the O'Donnell firm, between September 2009 and early 2010—an unassailably proper fee agreement—and substantially all her analytical work had been completed then, long before Mr. Straughter asked her to go on a contingency. [Keyes Decl. paras. 8-27, and Exhs. B-E.] Defendants were well aware of, indeed had received a great deal of the fruits of Dr. Keyes' labors, albeit not necessarily knowing where the charts, lists and descriptions of similarity had come from, long before the contingency agreement ever came about, and certainly long before filing this motion. [Straughter Decl. Para. 64 and Exh. V.] Most importantly, Dr Keyes' work was in no way influenced by the (temporary) percentage fee agreement with Mr. Straughter, nothing untoward occurred, and the situation has been rectified. [Straughter Decl. Paras. 68-70, 73; Keyes Decl. paras. 20-22.]

Beyond all that, even a cursory glance at Dr. Keyes' resume and her reports indicates that she is eminently qualified to testify as an expert musicologist in this case. [Keyes Decl. Exhs. A, F and G, and pp. 2-7, 27, 29-47.] Certainly, she is every bit as qualified as Defendants' "professional forensic musicologist," Dr. Lawrence Ferrara.[2]

### 3. DR. KEYES COMPELLINGLY DEMONSTRATES THE EXISTENCE OF NUMEROUS "STRIKING" AND "SUBSTANTIAL" SIMILARITIES BETWEEN PLAINTIFF'S WORK AND "BURN" APPLYING THE EXTRINSIC TEST.

---

2 Defendants brag, in their Separate Statement of Undisputed Facts, about Dr. Ferrara's success obtaining summary judgment in music copyright cases. To the contrary, however, consider the "Order Granting UMGI's Motion for Summary Judgment and Denying the U2 Defendants' Motion for Summary Judgment," Docket No, 261 in Lester v, U2 Ltd., USDC, CD Cal, Case No. CV 07-06612, in which Judge Otero rejected Dr. Ferrara's hackneyed assertions of "no substantial similarity," "prior art," and "independent creation." (That Order was vacated by stipulation of the parties, in connection with the parties' stipulated dismissal of the action after Plaintiff had prevailed against U2's motion for summary judgment.)

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

25

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. [*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).] With respect to most elements of ownership, including originality and copyrightabilty, the copyright registration certificate constitutes prima facie evidence in favor of the plaintiff. [See *Southern Bell Tel. & Tel. v. Associated Tel. Directory Publishers*, 756 F.2d 801 (11th Cir. 1985); *Arthur Rutenberg Corp. v. Dawney*, 647 F.Supp. 1214, 1216 (M.D. Fla 1986); *Nimmer on Copyright*, Sec 13.01(A).] Once the plaintiff has established his ownership prima facie, the burden then shifts to the defendant to counter this evidence. [*Design v. Lauren Knitwear Corp.*, 782 F.Supp. 824, 829 n. 11 (S.D.N.Y 1991); see *Nimmer on Copyright* Secs. 12.11(A)-12.11[C].]

If two works are so "strikingly similar" as to preclude the possibility of independent creation, direct proof of access is unnecessary. [*Testa v. Janssen*, 492 F.Supp. 198, 202 (D.C.Pa. 1980).] In *Testa*, the court denied Defendants' motion for summary judgment, concluding that because Plaintiff submitted experts' reports opining that striking similarity existed, the Court could not conclude that the two songs were *not* strikingly similar, and therefore the existence of the striking similarities was a disputed material fact. "To prove that certain similarities are 'striking,' plaintiff must show that they are the sort of similarities that cannot be satisfactorily be accounted for by a theory of coincidence, independent creation, prior common source, or any theory other than that of copying.." [*Testa* at 203, citing *Sherman, Musical Copyright Infringement: The Requirement of Substantial Similarity*, 22 ASCAP Copyright L. Symp. 81 (1977); see also *Winn v. Opryland Music Group, Inc.*, 22 Fed. Appx. 728, 729 (9th Cir, 2001, citing *Baxter, infra.*]

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

26

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

Here, there is ample evidence of "access," so that only substantial (not striking) similarity need be shown. In *Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) the Ninth Circuit noted that although the "determinations of substantial similarity of expression are subtle and complex," the test to be applied is whether "the ordinary lay hearer" comparing the two works could recognize the copyrighted work in the allegedly infringing work. ("Even if a copied portion is relatively small in proportion to the entire work, if it is qualitatively important, the finder of fact may properly find substantial similarity.") Id. at 425. In *Cream Records, Inc. v. Joseph Schlitz Brewing Co.*, 754 F.2d 826, 827-828 (9th Cir.1985) the taking of a ten note ostinato from "The Theme from Shaft," while considered *de minimis*, was found to be infringement. *Nimmer on Copyright* states [Nimmer on Copyright § 13.03[A] at 13-36 & n. 54 (1986)] "[T]he inquiry is whether a substantial portion of the protectable material in the plaintiff's work was appropriated--not whether a substantial portion of defendant's work was derived from plaintiff's work. A determination of the qualitative importance of the material to the plaintiff's work is more significant than a quantitative calculation of the portion allegedly appropriated by the defendant." [See also *Elsmere Music, Inc. v. National Broadcasting Co.*, 482 F.Supp. 741, 744 (S.D.N.Y.) aff'd, 623 F.2d 252 (2d Cir. 1980) (copying of four notes in a 100- measure composition was not merely a *de minimis* taking where that musical phrase was the heart of the composition-- taking small part of protected work can violate copyright.)]

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1169 (9th Cir. 1977) essentially established the "total concept and feel" as proper consideration in determining substantial similarity or *de minimis* use. Therein, the court held that "In the absence of similar sequence of events, a

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

27

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

1    combination of many different elements of similarity may be sufficient to constitute

2    infringement even if any one such element taken by itself would be trivial." [Id. at

3    1165 (Emphasis added).]   The court went on to say, "To constitute an invasion of

4    copyright it is not necessary that the whole of a work should be copied, nor even a

5    large portion of it in form or substance, but that, if so much is taken that the value

6    of the original is sensibly diminished, or the labors of the original author are

7    substantially, to an injurious extent, appropriated by another, that is sufficient to

8    constitute infringement." [Id. at 1169.]   [See also *Steinberg v. Columbia Pictures*

9
*Industries, Inc.,* 663 F.Supp. 706, 713 (S.D.N.Y. 1987) ("A copyright infringement

10   may occur by reason of a substantial similarity that involves only a small portion of

11   each work");   *Worth v. Selchow & Righter Co.,* 827 F.2d 569, 570 n.1, 572 (9th Cir

12   1987).]

13       In *Swirsky v. Carey,* 376 F. 3d 841, 844-45 (9th Cir. 2004) the court stated

14   "The Ninth Circuit, among others, still uses 'substantial similarity' to describe the

15   similarity needed for factual copying as well as legally actionable copying."   Courts

16   have also found the requisite creativity in "fingering," "tempo indications,"

17   "phrasing" (*Consolidated Music. Publishers, Inc. v. Ashley Pub., Inc.* 197 F.Supp.

18   17 (S.D.N.Y. 1961).]

19
20       *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485-86 (9th Cir. 2000) held

21   that a jury finding that defendant coauthors' song "Love Is A Wonderful Thing"

22   was substantially similar to plaintiff's copyrighted song of the same name was not

23   clearly erroneous in light of testimony by plaintiff's expert musicologist that the

24   songs shared a *combination of five unprotectable elements,* including title hook

25   phrase, shifted cadence, instrumental figures, verse/chorus relationship and fade

26   ending). [See also *Tin Pan Apple, Inc. v. Miller Brewing Co.,* 30 U.S.P.Q.2d 1791,

27
28

Straughter v Raymond, et al.,                                        **PLTF P&A IN OPP TO DEFS MOT FOR**
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)            28                    **SUMMARY JUDGMENT**

1793-94 (S.D.N.Y. 1994) (the sounds "hugga-hugga" and "brrr" in plaintiff's composition were copyrightable).]

Defendants argue in this case that the similarities here involve only "unprotectable elements." This argument is based upon the improper and unprecedented dissection of music devoid of the basic musical relationships which are necessary for music to have any meaning. For example, pursuant to Defendants' "theory," musical concepts are discussed only in the abstract, rather than in the context of how such musical concepts are expressed in the compositions in issue. Yet Defendants fail to submit any evidence that Plaintiff considered any prior art in composing "No More Pain," while Plaintiff himself denies it. Since Defendants denied copying any other composition, and had access to "No More Pain," the existence of prior art is irrelevant.

If Defendants' approach and contentions were correct, which Plaintiff disputes, under Defendants' theory no music composition would ever be the subject of copyright protection. "[I]f we took this argument to its logical conclusion, we might have to decide that there can be no originality in a painting because all colors of paint have been used somewhere in the past." [*Knitwaves, Inc. v. Lollytog, Ltd*, 71 F.2d 996, 1003 (2d Cir. 1995).] The *Krofft* court made a similar admonishment against a defendants' attempt to dissect a work too far: "Lest we fall prey to defendants' invitation to dissect the works, however, we should remember that it is the combination of many different elements which may command copyright protection because of its particular subjective quality." [*Sid & Marty Krofft, supra*, 562 F.2d at 1169 (emphasis added).] Of necessity, works of art exist as combined elements (such as words in a sentence, colors of paint in a painting, individual notes in music). To reduce artistic expression into isolated elements, as Defendants

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

29

PLTF P&A IN OPP TO DEFS MOT FOR SUMMARY JUDGMENT

would have the Court do, would be to deny copyright in any artistic work.

As Professor Goldstein observes [*Goldstein on Copyright*, sec. 10.3]:

"The importance of considering all musical elements together in an infringement action, and the danger of comparing sequences of notes appearing in the plaintiff's and defendant's compositions in the abstract, is illustrated by the observation in one appellate brief in a musical infringement case that the following well-known compositions all contain five to seven consecutive pitches in common with each other: *As Time Goes By; The Star Spangled Banner; O Holy Night; Three Blind Mice; God Save the Queen;* and *Stranger in Paradise.* [citing Joint Appellee's Brief at 7, *Baxter v. MCA, Inc.*, No. 84-6522 (9th Cir., submitted Oct. 9, 1985.]." (Emphasis added.)

The <u>selection, arrangement or combination</u> in an original way of otherwise unprotectable elements is subject to copyright protection.   [*Apple Barrel Productions v. Beard*, 730 F.2d 384 (9th Cir 1984); *Brown Bag Software v. Symantec*, 960 F.2d 1465, 1476, n. 4 (9th Cir 1992)(referring to the "general proposition that copyright may inhere, under appropriate circumstances, in the selection and arrangement of unprotected components"); *Knitwaves, supra*, 71 F.3d 996, 1003-1004; *Jarvis v. A&M*, 827 F.Supp. 282 (D.N.J. 1993); *Tempo Music Inc. v. Famous Music Corp.*, 838 F.Supp. 162 (S.D.N.Y. 1993).]   Therefore, even musical elements which are, when taken separately or individually, unprotectable, cannot be filtered out or dissected out if they are combined with other musical elements in a way which is protectable.   [*Krofft, supra*, 562 F.2d at 1169; *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1990).   See also *Bright Tunes Music Corp. v. Harrisongs Music Ltd.*, 420 F.Supp. 177 (S.D.N.Y. 1976) (liability phase of the ABCKO v. Harrisongs action).]   In *Bright Tunes*, the plaintiff's song was

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)          30          PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

composed of the repetition of two short phrases; the first ("A") phrase (repeated four times) included only three notes (5-3-2), and the second ("B") phrase (also repeated four times) included only five notes (5-6-1-6-1) with the addition of a grace note. *Id.* at 178.    Although neither of these phrases were "novel," the evidence established that "the four repetitions of A, followed by four repetitions of B, is a highly unique pattern."   George Harrison's song "My Sweet Lord" which utilized the basic pattern of three and five note phrases, repeating the first phrase for times and the second phrase three times (utilizing a grace note in the same place), and utilized identical selection of harmonies, infringed the plaintiff's composition. Id.

Dr. Keyes identified and has described in great detail no less than sixteen (16) specific "substantial similarities" in the musical expressions in Plaintiff's song and "Burn." [Keyes Decl. paras. 48, 74, and Exhs. F, G.]  She is of the opinion, more importantly, that taking all of those together, as they appear and function in the context of the two respective songs, the **combination** of all those elements, co-existing in both songs, represents and constitutes a "striking similarity" between the two works.  [Keyes Decl. paras. 67, 70, 74 and Exhs. F,G.]  In reaching that conclusion, she has carefully adhered to the "legal" definitions of "substantial" and "striking" similarity, and not merely a laypersons application of the words.  [Keyes Decl. paras. 48, 63-66, 12-13, and Exhs. F, G.]  She has also thoroughly refuted the contentions made by Dr. Ferrara in his reports in this case. [Keyes Decl. paras. 28-74, Exh. G, F.]    [See MCJI 17.15-17.17 regarding standards and meanings of "substantial" and "striking" similarity, and their relationship to "access."]

**"Prior Art."**  Defendants attempt to invoke the concept of "prior art" in order to invalidate Plaintiff's claim of originality and avoid liability for

infringement.   As noted above, however, the appropriate inquiry is not merely whether there are *any* examples of prior works bearing substantial similarity to individual dissected elements of Plaintiff's work, but rather whether prior works are of sufficiently substantial similarity to both the plaintiff's and the defendant's works, in terms of their <u>combination</u> of all of the substantially or strikingly similar elements they have in common, to (1) show that the *defendants* copied from such earlier works rather than from the *plaintiff's* work, and/or (2) demonstrate that the alleged similarities between the parties' works are, of such ordinary and common occurrence (so "trite," "hackneyed" or cliched") that the probability of independent, coincidental creation by the defendant was great.

Unlike patent law,[3] the Copyright Act of 1976 requires only that Plaintiff's work be "original," *i.e.*, independently created—but not necessarily novel—to qualify for legal protection.   [17 U.S.C. § 102(a); *see Key Publications, Inc. v. Chinatown Today Pub. Enterprises, Inc.*, 945 F.2d 509, 513 (2d Cir. 1991) ("for purposes of copyright, originality is not synonymous with novelty.   Similarity to prior works will not, in and of itself, affect the validity of a particular work's copyright").]   "Thus, a work will not be denied copyright protection simply because it is substantially similar to a work previously produced by others, and hence, is not novel.   Accordingly, the search for prior art that frequently goes into challenging a patent plays no role in copyright cases." [*Nimmer on Copyright* § 2.01[A] (emphasis added).]   [*See also, e.g., FASA Corp. v. Playmates Toys, Inc.*, 912

---

3 In patent law, registration is refused to any invention that was "known or used by others . . . or was patented or described in a printed publication" before the date of invention by the applicant.   35 U.S.C. § 102.   An alleged patent infringer can therefore avoid liability by establishing that the plaintiff's invention was already disclosed in "prior art."

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)

32

PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT

F.Supp. 1124, 1147 (N.D. Ill. 1996) ("it was not sufficient to defeat FASA's copyright protection for Playmates to merely submit evidence of prior similar works"), *vacated on other grounds,* 108 F.3d 140 (7th Cir. 1997); *Laureyssens v. Idea Group, Inc.,* 768 F.Supp. 1036 (S.D.N.Y.1991). *rev'd in part,* 964 F.2d 131 (2d Cir. 1992).] "The common practice of defendants at trial in pointing out a similar work created in antiquity, or at least prior to the defendant's creation, is of no assistance unless the trier of fact believes that the defendant copied from such works." [*Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 n.3 (2d Cir. 1977) (citation and quotations omitted).] Defendants have denied copying from any prior composition, in composing "Burn," so that any evidence of prior similar compositions was and is irrelevant and inadmissible. [See *Baron v. Leo Feist, Inc.,* 78 F.Supp. 686, 690 (SDNY 1948) aff'd 173 F.2d. 288 (2nd Ct. 1949); *Wilkie v. Santly Bros,* 13 F.Supp. 136, 157 (SDNY 1935), aff'd 91 F.2d 978 (2nd Cir.), cert. denied 302 U.S.735 (1937); *Fred Fisher, Inc. v. Dillingham,* 298 Fed. 145, 149 (SDNY 1924).]

It is not the Plaintiff's responsibility, in the first instance, to "prove a negative" or "verify" that there are no needles in the haystack of millions of songs of all genres composed over the last several hundred years, over even in the last century. The <u>combination</u> of numerous elements Dr. Keyes has identified as co-existent in the two songs here, in themselves, virtually insure that there is no past precedent featuring all of them together. [Keyes Decl. para. 48, 63-66, 70, 74, 12-13, Exhs. F,G.] Notably, Defendants have come up with not a single example containing all of the elements identified by Dr. Keyes (no matter how "hackneyed" Defendants misguidedly assert those elements to be).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny in its entirety Defendants' motion for summary judgment, or in the alternative, for summary adjudication of issues.

Dated:     February 13, 2011     **ALAN G. DOWLING,
A PROFESSIONAL CORPORATION**

By:

Alan G. Dowling
*Attorneys for Plaintiff* Ernest Lee Straughter

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
WOODLAND HILLS, CA

Straughter v Raymond, et al.,
USDC, CD CA, Case No. CV 08-2170 CAS(CWx)          34          PLTF P&A IN OPP TO DEFS MOT FOR
SUMMARY JUDGMENT