| Case No. | CV 08-2170 CAS (CWx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | EARNEST LEE STRAUGHTER, ETC.; ET AL. v. USHER RAYMOND IV, P/K/A USHER; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANTS' MOTION TO EXCLUDE AND/OR STRIKE THE OPINIONS, REPORTS AND TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, CHERYL L. KEYES (filed 01/21/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.   INTRODUCTION**

On May 14, 2008, plaintiff Ernest Lee Staughter filed the instant action. On April 3, 2009, plaintiff filed a second amended complaint ("SAC") for copyright infringement against defendants Usher Raymond, IV, Jermaine Dupri Mauldin, Bryan-Michael Paul Cox, EMI April Music, Inc., UR-IV Music, So So Def Productions, Inc. (erroneously sued as "So So Def Recordings, Inc."), Babyboys Little Publishing Company, Arista Records, LLC, Sony Music Entertainment, Zomba Recording, LLC, LaFace Records, LLC, W.B.M. Music Corporation.[1]

Plaintiff alleges that he owns the copyright to the musical composition "The Reasons Why." SAC ¶ 28. Plaintiff alleges that his musical composition was included

---

[1] On November 25, 2009, the Court dismissed with prejudice defendants Broadcast Music, Inc., Columbia Records, J Records LLC, Fantasia Barrino, 19 Entertainment, Inc., Jumping Bean Songs, Johnta Austin, Ciara Harris, Soulsick Muzik, and Francisco Bautista, Jr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170 CAS (CWx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | EARNEST LEE STRAUGHTER, ETC.; ET AL. v. USHER RAYMOND IV, P/K/A USHER; ET AL. | | |

on a 1998 album entitled "Back to the Real" by the musical group "Reel Tight," under the name "No More Pain." SAC ¶ 29; Declaration of Earnest L. Straughter (Straughter Decl.) ¶ 29. Plaintiff alleges that the song "Burn," written by defendants Dupri, Cox and Raymond, and recorded by Raymond, infringes his musical composition "The Reasons Why." SAC ¶¶ 33–43.

On January 21, 2011, defendants filed the instant motion to exclude and/or strike the opinions, reports and testimony of plaintiff's expert witness, Cheryl L. Keyes. On February 25, 2011, plaintiff filed an opposition to defendants' motion. Defendants replied on March 26, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff's expert witness, Cheryl L. Keyes, Ph.D, ("Dr. Keyes") is an ethnomusicologist at the University of California, Los Angeles. Declaration of Cheryl L. Keyes (Keyes Decl.) ¶¶ 2–3, Exh. A. In September 2009, Dr. Keyes was hired by then-plaintiff's counsel O'Donnell & Associates to serve as musicological consultant and expert trial witness for plaintiff. Id. ¶ 8. Dr. Keyes was paid a retainer and compensated by O'Donnell & Associates on an hourly rate. Id. ¶ 8, Exh. B. On May 3, 2010, O'Donnell & Associates withdrew as plaintiff's counsel, and plaintiff carried on the litigation pro se. See Dkt. 176.

In September 2010, plaintiff contacted his current counsel, Alan G. Dowling. Straughter Decl. ¶ 66. Dowling expressed interest in representing plaintiff, but stated that he could not advance the costs of plaintiff's expert. Id. According to Dowling, Dr. Keyes's continued involvement in the case was "a sine qua non of [his] willingness to take on the case." Declaration of Alan G. Dowling (Dowling Decl.) ¶ 27. Plaintiff contacted Dr. Keyes and asked her if she was willing to continue working on the case on a contingency percentage fee arrangement. Id.; Keyes Decl. ¶ 18. Dr. Keyes agreed to the offer. Keyes Decl. ¶ 18. Dowling drafted a contingency fee agreement between Dr. Keyes and Straughter whereby Dr. Keyes would be compensated only if plaintiff obtained a recovery. See Declaration of Robert A. Jacobs (Jacobs Decl.), Exh. S [Contingency Fee Agreement].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170 CAS (CWx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | EARNEST LEE STRAUGHTER, ETC.; ET AL. v. USHER RAYMOND IV, P/K/A USHER; ET AL. | | |

After she was retained on a contingency fee basis, Dr. Keyes prepared her initial and rebuttal expert reports and testified at a deposition. Keyes Decl. ¶ 22; Straughter Decl. ¶ 67; Jacobs Decl., Exh. T [Keyes Depo. Tr.]. Dr. Keyes did not disclose the existence or nature of her contingency fee arrangement in the "Statement of Fees" accompanying her initial expert disclosure. Jacobs Decl., Exh. U [Fee Statement].

In late January 2011, after defendants filed the instant motion, plaintiff and Dr. Keyes voided their contingency fee agreement and returned to an hourly fee arrangement retroactive to the date when the contingency fee agreement was executed. Straughter Decl. ¶ 71; Keyes Decl. ¶¶ 24–25. Plaintiff has stated that he is suffering financial hardship and cannot afford to pay Dr. Keyes her hourly rate. Straughter Decl. ¶¶ 66, 71; Reply Declaration of Robert Jacobs, Exh. A [Straughter Depo. Tr.] at 8:16–9:21. Accordingly, to secure his obligation, plaintiff has provided Dr. Keyes a lien on all of his personal property and assets, including any recovery he may obtain in this action. Straughter Decl. ¶ 71.

## III. DISCUSSION

Defendants argue that the contingency fee agreement is improper and unethical, mandating the exclusion of Dr. Keyes's reports and testimony. Mot. at 3–6. Like the majority of jurisdictions, California prohibits litigants from entering into contingency fee arrangements with expert witnesses. Rule 5-310(B) of the California Rules of Professional Conduct prohibits an attorney from "[d]irectly or indirectly pay[ing], offer[ing] to pay, or acquies[ing] in the payment of compensation to a witness contingent upon . . . the outcome of the case."[2] This rule codified California's long-standing common law prohibition of contingency fee arrangements with expert witnesses.

---

[2] The American Bar Association's Model Rules of Professional Conduct provide that "[a] lawyer shall not . . . offer an inducement to a witness that is prohibited by law." Model Rule of Prof'l Conduct 3.4(b) (2006). The comments to this rule recognize that "[t]he common law rule in most jurisdictions is . . . that it is improper to pay an expert witness a contingent fee." Model Rule of Prof'l Conduct 3.4 cmt. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170 CAS (CWx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | EARNEST LEE STRAUGHTER, ETC.; ET AL. v. USHER RAYMOND IV, P/K/A USHER; ET AL. | | |

Nearly 80 years ago, the California Court of Appeal held that contingency fee agreements between litigants and expert witnesses are void as against public policy. See Von Kesler v. Baker, 131 Cal. App. 654, 658 (1933). In Von Kesler, the court reasoned that contingency fee agreements with expert witnesses pose "too great a temptation to practice deceit and to commit the too common crime of perjury." Id. California courts have adopted and applied Von Kesler in subsequent cases. See, e.g., Van Norden v. Metson, 75 Cal. App. 2d 595, 599 (1946) ("An agreement with a witness to pay him a fee contingent on the success of the litigation it against public policy and void.").

Relying on the common law and the court's authority to forestall violations of ethical principles, courts in this circuit and others have held that testimony of expert witnesses whose compensation is contingent upon the outcome of the case must be excluded.[3] See, e.g., Ouimet v. USAA Casualty Ins. Co., No. EDCV 00-00752-VAP, 2004 WL 5865274, at *2 (C.D. Cal. Jul. 14, 2004) (excluding expert's testimony, in part, because it "would run directly afoul of [Rule 5-310 of the California Rules of Professional Conduct], as her compensation under the contingency fee agreement depends upon the outcome of the case."); Followwill v. Merit Energy Co., Civil No. 03-CV-62-D, 2005 WL 5988695, at *1 (D. Wyo. Apr. 11, 2005) (granting defendants' motion to exclude plaintiffs' expert witness and strike his expert report because the witness was paid on a contingency basis); Farmer v. Ramsay, 159 F. Supp. 2d 873, 883 (D. Md. 2001) (granting motion to strike reports of expert retained under contingency fee arrangement), aff'd on other grounds, 43 Fed. App'x 547 (4th Cir. 2002); Cosgrove v. Sears Roebuck & Co., No. 81 Civ. 3482 (CSH), 1987 WL 33595, at *1–2 (S.D.N.Y. Dec. 21, 1987) (precluding testimony of expert witness paid on contingency fee basis, but

---

[3] The Court has not found, and the parties do not cite, any Ninth Circuit authority addressing whether the testimony of expert witnesses who are compensated on a contingent fee basis must be excluded. In the criminal context, the Ninth Circuit has held that a defendant's due process rights are not violated where a government witness is paid fees contingent on his participation in an investigation and on the results of any subsequent criminal trial. See United States v. Cuellar, 96 F.3d 1179, 1183 (9th Cir. 1996); see also United States v. Cervantes-Pacheco, 826 F.2d 310, 315 (5th Cir. 1987) (en banc) ("an informant who is promised a contingent fee by the government is not disqualified from testifying in a federal criminal trial.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170 CAS (CWx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | EARNEST LEE STRAUGHTER, ETC.; ET AL. v. USHER RAYMOND IV, P/K/A USHER; ET AL. | | |

allowing party sixty days to designate new expert witness); In re SMTC Mfg., 421 B.R. 251, 264 n.2 (W.D. Tex. Bankr. 2009) (noting prior dismissal of expert witness retained under contingency fee arrangement); cf. Accrued Fin. Servs., Inc. v. Prime Retail, Inc., 298 F.3d 291, 300 (4th Cir. 2002) (holding that to the extent that employees of financial auditing company planned to testify as experts, company was improperly offering expert testimony for contingent fee in violation of public policy).

Other courts have rejected per se exclusion of contingent fee expert witnesses, preferring to allow the factfinder to assess the credibility of such witnesses at trial. See, e.g., Tagatz v. Marquette Univ., 861 F.2d 1040, 1042 (7th Cir. 1988) ("It is unethical for a lawyer to employ an expert witness on a contingent-fee basis, it does not follow that evidence obtained in violation of the rule is inadmissible.") (citation omitted); Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Corp., 546 F.2d 530, 539 (3d Cir. 1976) (although rules of professional responsibility "inveighs against" attorney testifying as expert witness for client of his law firm, "it does not necessarily follow that any alleged professional misconduct on his part would in itself render his testimony, once it was adduced, a nullity."); In re Joy Recovery Tech. Corp., 286 B.R. 54, 69 (N.D. Ill. Bankr. 2002) (holding that the Federal Rules of Evidence do not bar testimony from contingent fee experts).

The Court finds that the better course of action is to exclude the testimony of expert witnesses in civil cases whose compensation is contingent on the outcome of the case. The fact that Dr. Keyes's opinions were rendered when she had a direct financial interest in the outcome of this action, raises serious questions about the integrity of her expert testimony. The same values underlying Von Kesler and Rule 5-310(B) of the California Rules of Professional Conduct weigh in favor of excluding Dr. Keyes's testimony.

That plaintiff and Dr. Keyes recently cancelled their contingency fee arrangement does not change the analysis. As an initial matter, when Dr. Keyes drafted and produced her expert reports, and testified at her deposition, the contingency fee agreement was in place. Keyes Decl. ¶ 22; Straughter Decl. ¶ 67; Jacobs Decl., Exh. T [Keyes Depo. Tr.]. Moreover, although plaintiff and Dr. Keyes have now returned to an hourly fee agreement, a de facto contingency fee arrangement remains. Plaintiff admits that he cannot afford to pay Dr. Keyes's hourly rate, and in order to secure his obligation,

plaintiff has provided Dr. Keyes a lien on any recovery he may obtain in this action. Straughter Decl. ¶ 71. Thus, as a practical matter, Dr. Keyes will not be paid for her work unless and until plaintiff recovers a sum of money in connection with this case. Therefore, Dr. Keyes continues to have a direct financial stake in the outcome of this litigation.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to exclude and/or strike the opinions, reports and testimony of plaintiff's expert witness, Cheryl L. Keyes.[4]

IT IS SO ORDERED.

|  | 00 | : | 00 |
| --- | --- | --- | --- |
| Initials of Preparer | | CMJ | |

---

[4] Because the Court finds that Dr. Keyes must be excluded as a result of the contingency fee agreement, the Court declines to address defendants' arguments that Dr. Keyes's opinions and testimony are irrelevant and inadmissible under Rule 702 of the Federal Rules of Evidence.