ROBERT A. JACOBS (SBN 160350)
E-mail: RJacobs@manatt.com
EMIL PETROSSIAN (SBN 264222)
E-mail: EPetrossian@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendants*
Usher Raymond IV, Jermaine Dupri,
EMI April Music Inc., UR-IV Music, Inc.,
So So Def Productions, Inc. (sued erroneously
as "So So Def Recordings, Inc."), W.B.M.
Music Corp., Bryan Michael Cox and
Babyboys Little Publishing Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE STRAUGHTER,<br><br>Plaintiff,<br><br>vs.<br><br>USHER RAYMOND, IV et al.,<br><br>Defendants. | Case No. CV 08-2170 CAS (CWx)<br><br>Hon. Christina A. Snyder<br>Courtroom No. 5<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: None<br>Hearing Time: None |

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ................................................................. 1

II. STATEMENT OF ADDITIONAL UNDISPUTED FACTS ......................... 1

    A. Plaintiff Adduced No Evidence Establishing Originality ..................... 2

    B. Mr. Saadi Failed To Identify A Single Actionable Similarity ............. 3

    C. Dr. Ferrara Demonstrated The Absence Of Actionable Similarity ................................................................................................ 6

III. ARGUMENT .................................................................................................. 6

    A. Defendants Are Entitled To Summary Judgment Because Plaintiff Has Failed To Raise An Issue Of Fact On Originality ........... 6

    B. Defendants Are Entitled To Summary Judgment Because Plaintiff Has Failed To Raise An Issue Of Fact Under The Extrinsic Test ............................................................................................ 7

IV. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aliotti v. R. Dakin & Co.*,
  831 F.2d 898 (9th Cir. 1987) ................................................................................ 9

*Benay v. Warner Bros. Entm't, Inc.*,
  607 F.3d 620 (9th Cir. 2010) ................................................................................ 8

*Bernal v. Paradigm Talent and Literary Agency*,
  2010 WL 6397587 (C.D. Cal. Feb. 22, 2010) ................................................... 7, 8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .............................................................................................. 7

*Feist Pubs., Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) .............................................................................................. 6

*Funky Films, Inc. v. Time Warner Entm't Co.*,
  462 F.3d 1072 (9th Cir. 2006) ........................................................................... 6, 8

*Gable v. Nat'l Broad. Co.*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd,* 2011 WL 2412410 (9th Cir.
  June 16, 2011) ..................................................................................................... 10

*Idema v. Dreamworks, Inc.*,
  162 F. Supp. 2d 1129 (C.D. Cal. 2001) ................................................................ 8

*Johnson v. Gordon*,
  409 F.3d 12 (1st Cir. 2005) ................................................................................... 9

*Litchfield v. Spielberg*,
  736 F.2d 1352 (9th Cir. 1984) .............................................................................. 8

*Peters v. West*,
  2011 WL 831137 (N.D. Ill. Mar. 3, 2011) ........................................................... 9

*Rice v. Fox Broad. Co.*
  330 F.3d 1170 (9th Cir. 2003) .............................................................................. 7

*Satava v. Lowry*,
  323 F.3d 805 (9th Cir. 2003) ................................................................................ 9

*Stewart v. Wachowski*,
  574 F. Supp. 2d 1074 (C.D. Cal. 2005) ........................................................... 8, 10

*Swirsky v. Carey*,
  376 F.3d 841 (9th Cir. 2004) ........................................................................ 7, 8, 9

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ................................................................................ 9

*Vargas v. Transeau*,
   514 F. Supp. 2d 439 (S.D.N.Y. 2007) .................................................................. 10

**OTHER AUTHORITIES**

4-13 Nimmer on Copyright § 13.02[B] ...................................................................... 10

## I. PRELIMINARY STATEMENT

After more than three years of litigation, one thing is clear: Plaintiff cannot identify a single instance in which *Pain* and *Burn* employ the same melody, rhythm, harmony or any other protectable musical expression. Instead, he urges the Court to accept that 18 scattershot *ideas* and other unprotectable features supposedly found in the two songs – alone and in combination – somehow create an issue of fact under the extrinsic test. Plaintiff's laundry list theory is factually and legally untenable.

First, the record confirms – and Plaintiff's own purported expert, George S. Saadi, admits – that none of the elements at issue is original to Plaintiff. Although Plaintiff retained a supposed prior art expert, Barry E. Downes, his analysis and conclusions are so fundamentally flawed that they are of no use. Plaintiff, thus, has not met his burden of establishing the originality of the elements at issue.

Second, Plaintiff's failure to establish access obviates the need to consider substantial similarity; in any event, his insufficient access showing bars the use of the inverse ratio rule. Whatever substantial similarity measure applies, Plaintiff has not raised an issue of fact because (1) none of the elements at issue is protected expression, rather they are commonplace ideas and other unprotected features; (2) *Pain* and *Burn* express every one of the elements differently; and (3) the combination of elements is not actionable because it is comprised of random similarities sprinkled throughout the songs and because he cannot show virtually identical copying.

Third, Plaintiff has not established an issue of fact on striking similarity for the same reasons that his substantial similarity theory fails and because Mr. Saadi (1) conceded that the elements at issue are not original to Plaintiff; and (2) despite the language in his report, failed to rule out the possibility of independent creation.

## II. STATEMENT OF ADDITIONAL UNDISPUTED FACTS

Defendants set forth the core additional undisputed facts below and respectfully refer the Court to the accompanying Separate Statement of Additional Uncontroverted Facts ("SOAF") for a more complete description of those facts.

### A. Plaintiff Adduced No Evidence Establishing Originality

Neither of Plaintiff's two purported "experts" demonstrated – let alone raised an issue of fact – that the elements at issue are original to him. To the contrary, Mr. Saadi, who is not a musicologist, but rather an entertainment industry executive and longtime client of Plaintiff's counsel who happens to have an undergraduate music degree, admitted at his deposition that (1) virtually every one of the elements is common or otherwise not original to Plaintiff; and (2) he was not asked and made no effort to research whether the elements – alone or in combination – are original to Plaintiff and, indeed, his report provides no analysis of the issue. (SOAF 119-140, 210-211)

Mr. Downes, who never studied music theory and also is not a musicologist, attempted to address originality, but his conclusions do not aid Plaintiff. Instead of reviewing songbooks, sound recordings or published sheet music, Mr. Downes (1) compared pitch sequences identified by Mr. Saadi to the pitch sequences of 80,000 songs embodied in Musical Instrument Digital Interface ("MIDI") files; and (2) checked the sheet music generated from the MIDI files of the only song that he found to have at least one pitch sequence from both *Pain* and *Burn* to determine if it reflects any of the other elements at issue. (SOAF 215-216, 219, 227, 233) Mr. Downes obtained vastly different results for the songs: no hits for *Pain*'s first sequence, but 101 hits for *Burn*'s; 94 hits for *Pain*'s second sequence, but no hits and 488 hits, respectively, for the two iterations of *Burn*'s second sequence. (SOAF 228, 232) The results also showed no overlap in *Pain*'s 94 hits and *Burn*'s 488 hits for the latter sequence. (SOAF 230)

Mr. Downes' conclusions are meaningless because (1) his analysis is improper since, as explained in Part III.B.1, the Ninth Circuit eschews song comparisons based on pitch sequences alone; (2) the divergent search results he obtained for the pitch sequences underscore their significant differences; (3) the results are unreliable since he does not know how his MIDI files were created or, in most instances, by whom

and conceded that the files differ "enormously" from the published sheet music for and sound recordings of the songs they contain; (4) he looked for the balance of elements at issue in sheet music derived electronically from the very MIDI files he identified as unreliable; (5) he performed the latter analysis on just one song, leaving aside the hundreds of others he found; and (6) he admitted that, except for an 18 bar introduction, he is not capable of identifying and did not remember looking for any of the other elements at issue.  (SOAF 217, 219-225, 230-231, 233)

### B. Mr. Saadi Failed To Identify A Single Actionable Similarity

Mr. Saadi produced a report listing 18 random elements that *Pain* and *Burn* supposedly share and which he believes show to be substantially or strikingly similar.  (Dkts. 270-271, 275)  However, his conclusions are belied by the fact that (1) several of the elements are not present in both songs – e.g., guitar entering at Bar 11, 8-bar chord progression, pick-up note at Bar 39; (2) as noted in Part II.A, he conceded that none of the elements is original to Plaintiff; (3) he admitted that almost of all of the elements are mere ideas; (4) he did not rule out independent creation; (5) he purposefully ignored and left out of his report significant differences between the songs; and (6) contrary to Ninth Circuit law, he opines that the pitch sequences at issue are substantially similar based solely on their pitches.  (SOAF 119-140, 142-196, 202-209, 213)

Mr. Saadi's conclusions also are foreclosed by his concessions about the elements at his deposition, which separately confirm they are not actionable:

- 18-bar introduction: Mr. Saadi conceded this element differs in the songs because they employ different phrasing – *i.e.*, phrase 1 in *Pain* is 4 bars, but only 2 bars in *Burn*, while phrase 3 in *Pain* is 2 bars and 4 bars in *Burn* – and because *Pain* begins with pick-up note in Bar 1 that is absent in *Burn*.  He also repeatedly admitted that the introductions' *expression* – including melody, harmony, rhythm, key and tempo – is substantially different (SOAF 158-166, 170-178);

- Strings entering at Bar 3: Mr. Saadi admitted that the songs express this idea very differently because the melodies and rhythmic durations of the strings in them are different and because the strings enter in vastly different musical contexts – in *Pain* they enter amidst the development of a vocal melody, but in

*Burn* they enter following percussive sounds at Bars 1 and 2 (SOAF 172-173);

- Drums/arpeggiated guitars enter at Bar 11: Mr. Saadi admitted that (1) the rhythm of the drums entering at Bar 11 in both songs is different; (2) guitars do not "enter" both songs at Bar 11 because, in *Pain*, the guitar enters at Bar 5, continues at Bars 8 and 9 and does not sound in Bar 10, but, in *Burn*, the guitar enters and sounds at Bar 10; and (3) the songs express the guitar parts at Bar 11 differently because *Pain* only has arpeggiated notes, while *Burn* has both stepwise and arpeggiated notes (SOAF   );

- No drums for first 10 bars: This and the preceding element are duplicative because the drums' and guitars' entry at Bar 11 merely defines where the drums' silence at Bars 1-10 ends, the flip side of the same coin (Dkt.242-9 ¶28);

- Plucked arpeggiated strings in introduction: Mr. Saadi effectively admitted that this element is irrelevant by acknowledging that guitar strings generally are played either by plucking or strumming the strings; he also admitted that the strings' musical expression in the introductions is different because their pitches and rhythmic durations and overall melodies are different (SOAF 174-176);

- First verse starts at Bar 19 with pick-up note at Bar 18: Mr. Saadi admitted that the pick up notes at Bar 18 in *Pain* and *Burn* are different because *Pain* only has one – an eighth note on scale degree 7 – while *Burn* has 3 – a sixteenth note followed by two thirty-second notes on scale degree 1. He also confirmed that the pick up notes in the two songs sound different (SOAF 178);

- Verse/chorus/bridge/chorus structure: Mr. Saadi admitted that (1) this structure is "among the most common in popular music"; and (2) the songs use it very differently because (a) the third verse precedes the bridge in *Pain*, but the second chorus precedes the bridge in *Burn*; (b) *Pain* has three verses, while *Burn* only has two; (c) all of *Burn*'s verses are 16 bars long, but the third verse in *Pain* is only 8 bars long; (d) all of *Burn*'s choruses are 16 bars long, but the first chorus in *Pain* is only 8 bars long; (e) *Pain*'s chorus repeats three times in its fade ending, but *Burn*'s repeats only once in its fade ending (SOAF126,166);

- Hook or chorus section appears for the first time at Bar 35: Mr. Saadi conceded that this is just a function of the songs' 18-bar introductions combined with the admittedly "common" 16-bar verses that follow them (SOAF 128);

- Pitch sequences 1-7-1-1-1-2-3-2-1-6-5 in *Pain* and 1-7-1-7-1-2-3-2-1 in *Burn*: Besides the fact that these sequences are different on their face, Mr. Saadi admitted that (1) the harmonies sounding with the pitches in each song are different; (2) the songs use their sequences differently because *Pain*'s appears six times as part of the vocals, but *Burn*'s is played on an instrument eight times; (3) the sequences are different because they contain different pitches – and thus have different melodic contours – and are not the same length. For his part, Mr. Downes identified 101 songs containing *Burn*'s sequence and admitted at his deposition that it differs from *Pain*'s (SOAF 179-181, 183, 228);

- Pick-up notes at Bar 39 leading into sequences above at Bars 40-42 : Mr. Saadi characterizes this as a "striking similarity" in his report, but admitted that it is based on a false premise and, thus, does not exist because the pick-up note for the sequence in *Burn* is at Bar 39, but at Bar 40 in *Pain* (SOAF 184);

- Pitch sequences 5-3-3-3-2-2-1 in *Pain* and 5-5-4-3-3-2-1-1-2-2-1 and 5-4-3-1-2 in *Burn*: In addition to being different on their face, Mr. Saadi admitted that (1) the sequences' basic melodic contours are different; (2) the rhythmic duration of their constituent notes is different; and (3) the harmonies that sound with the sequences are different. Mr. Downes also admitted at his deposition that these sequences are different (SOAF 187-190, 232);

- 8-bar chord progression: Although Mr. Saadi's report claims that the two songs share a substantially similar, basic 8-bar chord progression, he admitted at his deposition that (1) *Pain* has a basic 4-bar progression – I-vi-IV-V – that repeats every 4 bars, while *Burn* has a basic 8-bar progression – I-vi–IV-IV-I-vi-IV-ii-V – that repeats every 8 bars; (2) *Pain*'s progression is "common"; (3) the chords comprising the two songs' progressions are different; (4) the songs' progressions have different harmonic rhythms; and (5) *Pain* has a chord progression in Bars 1-10, while *Burn* does not (SOAF 132, 171, 191-193);

- Melisma in final chorus: Mr. Saadi admitted that (1) melismas "go back to [the] Gregorian Chant era" and certainly are "not uncommon" in R&B; (2) this purported similarity is based solely on the melismas' placement in the two songs, not their contents; (3) their contents are different; and (4) he did not consider how common it may be for melismas to be used in the final chorus of a song or whether any of the Writer Defendants had used them in this fashion in songs predating *Pain* (and they had) (SOAF 134, 194-196, 209);

- *Pain* modulates to D-flat in Bars 111-114 where *Burn* also is in D-flat: Mr. Saadi opines that this is a "substantial similarity" by ignoring the differences in keys within the songs and the context of this supposed overlap. Specifically, as he admitted at his deposition, but mentions nowhere in his report, *Pain* is in B-major for 90 bars, modulates to C-major at Bar 91 and then modulates again to D-flat major at Bar 107, while *Burn* is in D-flat for its entirety, confirming that any overlap is a mere coincidence. Mr. Saadi also conceded that key modulations in the final choruses of songs occur "often" (SOAF 136, 169);

- Fade endings with hook chorus: Mr. Saadi does not analyze this purported similarity in his report, but admitted at his deposition that it is based on the appearance of the first pitch sequences above in both songs' fade endings, a finding that is duplicative of his pitch sequence findings and, thus, suffers from the same analytical deficiencies (SOAF 186);

- R&B genre: Mr. Saadi identifies this as an actionable similarity, but admittedly failed to consider whether the Writer Defendants wrote and recorded songs in this genre years before *Pain* (which they did) (SOAF 138, 211);

- The combination of elements in both songs: Notwithstanding the fact that Mr. Saadi opines that this combination is a "striking similarity," he admittedly failed to take into account the substantial differences and other factors outlined above in every one of the elements he identified.

Finally, separate and apart from Mr. Saadi's case-ending admissions above, he conceded at his deposition – but did not mention in his report – that (1) *Burn*'s tempo

is approximately 12% faster than *Pain*'s (120 versus 106 beats per minute); and (2) *Pain*'s running time is 23% greater than *Burn*'s (5:03 versus 3:52).  (SOAF167-168)

### C. Dr. Ferrara Demonstrated The Absence Of Actionable Similarity

Defendants' expert, Dr. Ferrara, whom Mr. Downes described as "absolutely" one of the leading musicologists in the world, provided a point-by-point response to Messrs. Saadi's and Downes' reports.  (SOAF 235; Dkt. 273)  For all of the reasons set forth in his response, Dr. Ferrara concluded that (1) "*Pain* and *Burn* do not share any significant structural, harmonic, rhythmic, melodic, or lyrical similarities, individually or in the aggregate"; (2) "there are no musicological grounds to support a claim that *Pain* and *Burn* are either substantially similar or strikingly similar"; (3) "[o]n the basis of [his] musicological analysis and review of Mr. Saadi's and Mr. Downes' reports, the minimal and commonplace similarities in *Pain* and *Burn* do not suggest that *Burn* copied or was influenced by any expression in *Pain*"; and (4) "any similarities in *Pain* and *Burn* are the result of coincidence."  (Dkt. 273 ¶¶ 1, 116-117)  Plaintiff once again elected not to take Dr. Ferrara's deposition.

## III. ARGUMENT

### A. Defendants Are Entitled To Summary Judgment Because Plaintiff Has Failed To Raise An Issue Of Fact On Originality

For the reasons explained in Part IV.B of Defendants' opening brief (Dkt. 212-1), Plaintiff does not enjoy a presumption of copyright validity or originality and, therefore, must demonstrate that the 18 elements at issue are original to him.[1]  As discussed in Part II.A above, Plaintiff has not made any such showing (nor can he).  For this reason alone, Defendants' motion must be granted.[2]

---

[1] *See Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("The sine qua non of copyright is originality.  To qualify for copyright protection, a work must be original to the author."); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (copyright plaintiffs bear the burden of proving "copying of constituent elements of the work that are *original*") (emphasis added).

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (summary judgment is proper when "the nonmoving party . . . fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof").

### B. Defendants Are Entitled To Summary Judgment Because Plaintiff Has Failed To Raise An Issue Of Fact Under The Extrinsic Test

#### 1. There Is No Issue Of Fact On Substantial Similarity

The Court need not consider whether Plaintiff has raised an issue of fact on substantial similarity because, as discussed in Parts IV.C.2.b-c and II.C.1-5 of Defendants' opening and reply briefs, respectively (Dkts. 212-1, 242), Plaintiff has not come forth with any access evidence.[3]  In any event, as those portions of Defendants' earlier filings make clear, the paucity of access evidence and absence of any access concession foreclose the application of the inverse ratio rule and its lower standard of proof of substantial similarity.  Thus, even if the Court were to consider substantial similarity, the record overwhelmingly shows that Plaintiff has not come close to establishing an issue of fact on the issue.

First, none of the 18 elements at issue constitutes protectable expression.  As explained in Part II.B, all of them – except for the pitch sequences and chord progressions – are merely (and admittedly) commonplace ideas, having nothing to do with expression, and, as such, cannot support a finding of substantial similarity.[4] The pitch sequences and chord progressions also do not support such a finding because (1) they clearly (and admittedly) are very different; (2) Messrs. Saadi and Downes confirmed that they are commonplace and/or not original to Plaintiff; and (3) pitches and chords alone like these, divorced from their accompanying musical expression, are not protected.[5]

---

[3] *See, e.g., Bernal v. Paradigm Talent and Literary Agency*, 2010 WL 6397587, at *9 (C.D. Cal. Feb. 22, 2010) (plaintiff's failure to raise to an issue of fact on access, by itself, warrants summary judgment).

[4] *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1175 (9th Cir. 2003) ("[S]imilarities derived from the use of common ideas cannot be protected[.]") (quotations & citation omitted); *see also Swirsky v. Carey*, 376 F.3d 841, 845 n.4 (9th Cir. 2004) ("Although the extrinsic test examines the similarity of ideas and expression, . . . ideas by themselves are not subject to copyright protection; only the *expression* of ideas is.") (citation omitted).

[5] *See Swirsky*, 376 F.3d at 848, n.13 (to examine pitch sequences in isolation and not in combination with rhythm, harmonic chord progression, tempo and key "is to

<u>Second</u>, even if the 18 elements at issue were protectable (and they are not), they still would be of no use to Plaintiff because *Pain* and *Burn* do not express them similarly.[6] In sum, as discussed in Parts II.B and C, Mr. Saadi not only failed to identify any overlap in the songs' *expression* of the elements, but he also admitted – and Dr. Ferrara established – that this expression, as embodied in the melodies, rhythms, harmonies and keys accompanying the elements in the two songs, is markedly different. These differences doom Plaintiff's claim.[7]

<u>Third</u>, black-letter copyright law forecloses Plaintiff's attempt to establish an issue of fact on substantial similarity based on the purported combination of elements in *Pain* and *Burn*. As an initial matter, Plaintiff's combination theory fails because it rests on a haphazard assortment of ideas and other unprotectable elements scattered throughout the songs that are not bound together by any common expression.[8] In addition, the theory goes nowhere because, as discussed already, the expression of every one of the elements at issue – and, thus, the combination of elements – is markedly <u>different</u>.[9] Thus, Plaintiff's combination theory fails.

---

perform an incomplete and distorted musicological analysis" that risks "breaking music down beyond recognition").

[6] *See Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1109 (C.D. Cal. 2005) ("It is not sufficient that the ideas embodied in two works be similar. Rather, the trier of fact must determine whether there is substantial similarity in the expressions of the ideas so as to constitute infringement.") (quotations & citation omitted).

[7] *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625-29 (9th Cir. 2010) (even though the works at issue may contain similar ideas, the different manner in which they are expressed forecloses a finding of substantial similarity); *Funky Films*, 462 F.3d at 1077-82 (same); *Bernal*, 2010 WL 6397587, at *17-*23 (same).

[8] *See Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984) (rejecting "list of similarities" intended to "show . . . extrinsic similarity" because it is "inherently subjective and unreliable" and emphasizing that such lists warrant caution "where, as here, [they] emphasize. . . random similarities scattered throughout the works") (citations omitted); *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1180-81 (C.D. Cal. 2001) ("random similarities scattered throughout" do not "connote a substantial similarity overall"; rejecting plaintiffs' lists because "most of the . . . similarities are at the abstract level of 'ideas' (or an even less definite form of articulation), rather than 'expression'") (internal quotations & citations omitted).

[9] *See Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003) (copyright in original expression of combination of unprotected elements is "thin" and "protects against

The primary cases upon which Plaintiff appears to rely for this theory – *Swirsky* and *Three Boys* – involve entirely different facts and, therefore, lend him no support.[10]  <u>Unlike</u> here, (1) access was conceded in *Swirsky* triggering the inverse ratio rule and found by a jury in *Three Boys*; (2) the *Swirsky* plaintiffs enjoyed a presumption of originality that was not rebutted and the *Three Boys*' defendants' expert effectively conceded originality; (3) the *Swirsky* plaintiffs adduced evidence of substantially similar expression of musical ideas embodied in the combination of the chord progressions, rhythm and pitch sequence in the choruses of the songs at issue, while the *Three Boys* plaintiff presented evidence of, among other things, substantially similar expression embodied in the lyrics, rhythm and pitch underlying the hook phrases of the songs at issue; (4) the *Three Boys*' defendants' expert conceded that were similarities in the songs at issue; and (5) nothing in *Swirsky* or *Three Boys* suggests that the plaintiffs' experts conceded that the musical expression of the elements at issue was different or the possibility of independent creation by defendants.[11]  *Swirsky* and *Three Boys*, thus, are wholly inapposite.  Accordingly, Plaintiff cannot use them to avoid summary judgment.

### 2. There Is No Issue Of Fact On Striking Similarity

Plaintiff's efforts to establish striking similarity fall far short of the Ninth Circuit's requirements.[12]  <u>First</u>, the same shortcomings in Plaintiff's evidence of

---

only virtually identical copying") (citation omitted); *Johnson v. Gordon*, 409 F.3d 12, 25 (1st Cir. 2005) ("The problem here is that the components themselves are so dissimilar that they cannot sensibly be agglomerated in such a way as to conjure up an overall (legally significant) resemblance.") (citing *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987)); *Peters v. West*, 2011 WL 831137, at *5 (N.D. Ill. Mar. 3, 2011) (the use of "a combination of numerous unprotectable elements" is actionable, but only if the defendant uses it "in its entirety in a nearly identical manner"; plaintiff's copyright claim dismissed because defendant's song expresses the elements comprising combination in plaintiff's song differently).

[10] *See Swirsky*, 376 F.3d at 841; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000).

[11] *See Swirsky*, 376 F.3d at 844-48, 851; *Three Boys*, 212 F.3d at 485.

[12] *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 823 (C.D. Cal. 2010) ("in rare cases, a plaintiff can prove copying even without proof of access if he can show that the two works are not only similar, but are so strikingly similar as to

substantial similarity described in Part III.B.1 doom his striking similarity theory. <u>Second</u>, Mr. Saadi's admissions that the elements at issue are either commonplace or not original to Plaintiff and Messrs. Saadi's and Downes' failure to demonstrate that the combination of the elements is original to Plaintiff foreclose a finding of striking similarity.[13]  <u>Third</u>, Mr. Saadi's failure to rule out the possibility of independent creation, by itself, also bars any such finding.[14]  Plaintiff, thus, has not raised an issue of fact on striking similarity.

## IV. CONCLUSION

For all of the reasons above and in their prior filings, Defendants respectfully request that the Court grant them summary judgment or, in the alternative, partial summary judgment limiting Plaintiff's potential recovery to no more than 13 percent of any damages awarded.

DATED: July 29, 2011        MANATT, PHELPS & PHILLIPS, LLP

By: _____/S/_____
ROBERT A. JACOBS
EMIL PETROSSIAN

*Attorneys for Defendants* Usher Raymond IV, Jermaine Dupri, EMI April Music Inc., UR-IV Music, Inc., So So Def Productions, Inc. (sued erroneously as "So So Def Recordings, Inc."), W.B.M. Music Corp., Bryan Michael Cox and Babyboys Little Publishing Company

---

preclude the possibility of independent creation") (citation & internal quotations omitted), *aff'd,* 2011 WL 2412410 (9th Cir. June 16, 2011).

[13] *See Stewart*, 574 F. Supp. 2d at 1103 ("Striking similarity is judged not just with reference to the fact that both works contain identical elements, but also by considering the uniqueness and complexity of the common features.") (citation omitted); 4-13 Nimmer on Copyright § 13.02[B] ("there is no 'striking similarity' even between two identical works so as to warrant an inference of copying to the extent that, albeit copyrightable, they are trite or commonplace") (citations omitted).

[14] *See Gable*, 727 F. Supp. 2d at 823 (striking similarity "only applies . . . where as a matter of logic, the only explanation for the similarities between the two works must be copying rather than coincidence, independent creation, or prior common source") (internal quotations, citations & alterations omitted); *Vargas v. Transeau*, 514 F. Supp. 2d 439, 447 (S.D.N.Y. 2007) (granting summary judgment on striking similarity claim, in part, because plaintiffs' witnesses did not rule out the possibility of independent creation).