Peter J. Anderson, Esq., Cal. Bar No. 088891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorney for Defendants
ARISTA RECORDS LLC,
ZOMBA RECORDING LLC,
SONY MUSIC ENTERTAINMENT and
LAFACE RECORDS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE STRAUGHTER, | Case No. CV08-2170 CAS (CWx) |
| Plaintiff, | |
| vs. | SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT |
| USHER RAYMOND IV, *etc., et al.*, | |
| Defendants. | |
| AND COUNTERCLAIMS AND CROSS-CLAIMS | Courtroom of the Honorable Christina A. Snyder United States District Judge |

## TABLE OF CONTENTS

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ................ 1

1.  INTRODUCTION ......................................................................................... 1

2.  PLAINTIFF'S SUBSTITUTE "EXPERTS" FAIL TO RAISE A TRIABLE
    ISSUE ........................................................................................................... 1

    (a)  Plaintiff's Musicologist "Expert" Is Not A Musicologist and Did Not Apply
         the Analyses Required to Raise a Triable Issue As to Substantial or Striking
         Similarity .................................................................................................... 1

         (1) Plaintiff's Expert, Saadi, Admits Failing to Distinguish Between
             Similarities in Ideas and Expression ................................................. 2

         (2) Saadi Also Admits Studiously Avoiding Any Consideration of the
             Differences Between *Pain* and *Burn* .............................................. 3

         (3) Saadi Refused to Discuss the Analytic Dissection of the Claimed Similarities
             Because -- He Explained -- the Result "Would Be Inconsistent With" His
             Opinion ............................................................................................... 4

         (4) Saadi Mistakenly Based His Opinion on the Assumption of Direct Access ... 5

         (5) Saadi Failed to Identify a Protectable "Selection and Arrangement".............. 6

    (b) Downes Also Is Not a Musicologist and Has a Limited and Unreliable
        Database that He Searched for Pitch Sequences that *Pain* and *Burn* Do Not
        Share .......................................................................................................... 8

3.  CONCLUSION ............................................................................................. 10

i

1

# **TABLE OF AUTHORITIES**

2

**CASES**

3  *Apple Computer Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994)........................7

4  *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620 (9th Cir. 2010) ...............................3

5  *Bernal v. Paradigm Talent & Literary Agency*, ___ F. Supp. 2d ___, 2010 WL

6     6397587 (C.D. Cal. 2010) .................................................................................... 6, 7

7  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786,

8     125 L.Ed.2d 469 (1993) ...........................................................................................5

9  *Dr. Seuss Enter., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394 (9th Cir. 1997),

10    *cert. dism'd* 521 U.S. 1146, 118 S.Ct. 27, 138 L.Ed.2d 1057 .....................................2

11 *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 111 S.Ct. 1282,

12    113 L.Ed.2d 358 (1991) ...........................................................................................3

13 *FunkyFilms, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072 (9th Cir. 2006) ..............3

14 *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815 (C.D. Cal. 2010) ...........................2, 3

15 *Idema v. DreamWorks, Inc.*, 162 F. Supp. 2d 1129 (C.D. Cal. 2001) ...................2, 4, 5

16 *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. 1994)....................7

17 *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167,

18    143 L.Ed.2d 238 (1999) ...........................................................................................5

19 *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002) ................................................6, 7

20 *Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004), *cert. denied* 545 U.S. 1114,

21    125 S.Ct. 2905, 162 L.Ed.2d 294..............................................................................8

22 *Olson v. Nat'l Broad. Co., Inc.*, 855 F.2d 1446 (9th Cir. 1988)...................................4

23 *Rice v. Fox Broad.*, 330 F.3d 1170 (9th Cir. 2003).....................................................2

24 *Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003), *cert. denied,* 540 U.S. 983,

25    124 S.Ct. 472, 157 L.Ed.2d 374...........................................................................2, 7

26 *Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) .......................................................6

27 *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004). ............................................1, 2, 3, 4

28

1
*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000), *cert. denied*

2
   531 U.S. 1126, 121 S,Ct. 881, 148 L.Ed.2d 790.................................................. 1, 4, 6

3
*Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007) ............................... 7

4
**STATUTES**

5
17 U.S.C. § 102............................................................................................................ 2, 3

6
**TREATISES**

7
M. Nimmer & D. Nimmer, *Nimmer on Copyright* ......................................................... 1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

Defendants Sony Music Entertainment, Arista Records LLC, Zomba Recording LLC and LaFace Records, LLC, who have joined in the Songwriter and Publishing Defendants' Motion for Summary Judgment or Partial Summary Judgment, respectfully submit this Supplemental Memorandum in support of that Motion.

Plaintiff has gone through a series of lawyers and, more recently, a series of experts. After his last expert's testimony was stricken, on the eve of the Court's deadline for plaintiff to designate a substitute expert he drafted one of his counsel's other clients, who is not a musicologist and who failed to apply the legally-required analyses. Plaintiff also adds a "prior art expert," who plaintiff concedes is no expert and who merely searched a database that suffers from a host of problems. In short, plaintiff's desperate attempt to avoid summary judgment fails.

**2. PLAINTIFF'S SUBSTITUTE "EXPERTS" FAIL TO RAISE A TRIABLE ISSUE**

**(a) Plaintiff's Musicologist "Expert" Is Not A Musicologist and Did Not Apply the Analyses Required to Raise a Triable Issue As to Substantial or Striking Similarity**

To avoid summary judgment in a copyright case, the plaintiff must present expert testimony establishing the works are either substantially similar or, in the absence of evidence of access, are strikingly similar. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) ("The extrinsic test requires 'analytical dissection of a work and expert testimony'"), *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *cert. denied* 531 U.S. 1126, 121 S,Ct. 881, 148 L.Ed.2d 790; 4 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.02[B] (the requirement of expert testimony is especially applicable to establish striking similarities "in 'technical' areas, such as music . . . ."). But, "the mere existence of dueling expert reports does not necessarily create a triable issue of fact" in a copyright case. *Gable v. Nat'l Broad. Co.*, 727 F. Supp.

1

1  2d 815, 836-37 (C.D. Cal. 2010) ("Numerous cases have found in favor of defendants . . . despite the existence of expert testimony offered by plaintiffs"). To avoid summary judgment, the plaintiff must, *inter alia*, proffer expert testimony that applies the required analyses and supports the claim of substantial or striking similarity. This, plaintiff has once again failed to do.

### (1)   Plaintiff's Expert, Saadi, Admits Failing to Distinguish Between Similarities in Ideas and Expression

The extrinsic test requires similarity in "*protected* elements of the copyrighted work, . . . ." *Swirsky*, 376 F.3d at 845 (emphasis in original). As a result, in analyzing the works "it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Id.* It is fundamental that "ideas are not copyrightable." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003), *cert. denied,* 540 U.S. 983, 124 S.Ct. 472, 157 L.Ed.2d 374; *Dr. Seuss Enter., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997), *cert. dism'd* 521 U.S. 1146, 118 S.Ct. 27, 138 L.Ed.2d 1057 ("'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts"); 17 U.S.C. § 102(b).

Accordingly, expert testimony that fails to distinguish between unprotectable ideas and protectable expression is properly disregarded and does not create a triable issue. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (District Court properly declined to consider testimony of plaintiff's expert who relied on claimed similarities that were "were either foreclosed by the limiting doctrines of merger and *scenes a faire,* or too abstract to constitute copyright infringement"); *Idema v. Dream-Works, Inc.*, 162 F. Supp. 2d 1129, 1180 (C.D. Cal. 2001) (expert testimony "suffering from this confusion between an 'idea' and its 'expression'" did not create triable issue).

Here, plaintiff presents "expert" testimony that fails to distinguish between ideas and expression. Plaintiff relies on Saadi, who is not a musicologist and who confused (1) the distinction between idea and expression with (2) the copyright principle of fixa-

2

1  tion in tangible form, so that -- in Saadi's view -- anything "recorded or written down"

2  must be expression.  Saadi Depo. Excerpt (Exh. 1) at 32:10-16 ("if they've actually

3  composed a piece and recorded it and written it down, it's not a concept, it's actually --

4  it's an expression") & at 251:18 to 252:7 ("My belief or my understanding is if it's

5  recorded or if it's documented on paper, it's -- it's expressed").[1]

6      Saadi's assumption that an idea becomes expression simply when the idea is

7  fixed, is plainly wrong.  While 17 U.S.C. Section 102(a) requires that copyrighted

8  works be fixed in tangible form, that same Section also states that even if fixed, copy-

9  right does not "extend to any idea, . . . , regardless of the form in which it is . . . em-

10  bodied."  17 U.S.C. § 102(b); *see, also Feist Publications, Inc. v. Rural Tel. Serv. Co.,*

11  *Inc.*, 499 U.S. 340, 361-62, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (fixing facts and

12  the idea of alphabetizing entries in tangible form -- a telephone directory -- does not

13  make them copyrightable expression).   As a result, recording or writing down, *e.g.*, a

14  10-bar introduction does not make a 10-bar introduction protectable expression.

15      Because Saadi mistakes fixation for the difference between ideas and expres-

16  sion, he did not and could not have made the "essential" distinction between unprotect-

17  ed ideas and protected expression in *Pain* and *Burn*.  *Swirsky*, 376 F.3d at 845.  For

18  that reason alone, his opinions are useless to the Court and properly disregarded.

19          **(2)    Saadi Also Admits Studiously Avoiding Any Consideration of**

20              **the Differences Between *Pain* and *Burn***

21      The extrinsic analysis also requires consideration of not only similarities, but

22  differences between the works.  *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625

23  (9th Cir. 2010) (summary judgment proper where "many more differences than simi-

24  larities"); *FunkyFilms, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1078 (9th Cir.

25  2006) (summary judgment proper where "significant differences and few real similari-

26  ties"); *Gable*, 727 F. Supp. 2d at 839, 841-46, 848 (noting various differences between

27

28

---

[1]    References to "Exh." are to the Exhibits attached to the accompanying Declara-
tion of Peter J. Anderson.

3

1   works; "Although there are some general similarities between the works, the similari-

2   ties pale in comparison to the significant differences between the works").

3       Accordingly, expert testimony that fails to consider differences also does not

4   create a triable issue. *Idema*, 162 F. Supp. 2d at 1180 ("the Court can make no real use

5   of Plaintiffs' 'expert' testimony as evidence of similarity" where expert "just empha-

6   sized those few similarities that can be observed at a general level and de-emphasized

7   the many *dis* similarities" (emphasis in original)); *see, also Olson v. Nat'l Broad. Co.,*

8   *Inc.*, 855 F.2d 1446, 1450 (9th Cir. 1988) (District Court correctly discounted expert's

9   testimony where "he deemphasized any dissimilarities between plaintiff's and defend-

10   ants' works and . . . in effect compared unprotectable scenes a faire").

11       <u>Here, Saadi repeatedly confirmed that his report and his opinions in this case are</u>

12   <u>based on his mandate to look only for similarities, no matter how trite, and turn a blind</u>

13   <u>eye to the differences between the compositions.</u>  Saadi Depo. Excerpt (Exh. 2), in-

14   cluding at 38:7-13, 40:8-16 ("A. . . . my report was designed to focus on what I found

15   similar . . . .  Q. Not what was different? A. That's correct."), 105:8-18 ("What I pulled

16   out in my report is what I found in similarities"), 202:13-16 ("I approached my report

17   to point out similarities"), 209:16 to 210:12 ("My goal was to point out things that I

18   find similar between them").

19       In preparing his report and rendering his opinions, Saadi did not merely "de-

20   emphasize[ ] the many *dis* similarities" (*Idema*, 162 F. Supp. 2d at 1180 (emphasis in

21   original)), <u>he purposefully ignored them.</u>  For this additional reason, his opinions are

22   useless to the Court and properly disregarded.

23           **(3)**    **Saadi Refused to Discuss the Analytic Dissection of the Claimed**

24                 **Similarities Because -- He Explained -- the Result "Would Be**

25                 **Inconsistent With" His Opinion**

26       "The extrinsic test requires '<u>analytical dissection</u> of a work and expert testimo-

27   ny.'" *Swirsky*, 376 F.3d at 845, *quoting Three Boys Music*, 212 F.3d at 485 (emphasis

28   added).  This "'analytic dissection' requires breaking each work covered by copyright

4

1    down into its constituent elements, and comparing only those 'elements' for proof of

2    copying as measured by 'substantial similarity.'" *Idema*, 162 F. Supp. 2d at 1177.

3         Despite the requirement that Saadi dissect and analyze the works, at his deposi-

4    tion he repeatedly refused to answer whether each claimed similarity in isolation was

5    actually substantial and indicative of copying, or possibly only the result of independ-

6    ent creation.  Remarkably, he explained that he refused to analyze each claimed simi-

7    larity in isolation *because doing so would undercut his opinions.*  Saadi Depo. Excerpt

8    (Exh. 3) at 193:15 to 194:3 ("My answer in isolation would be inconsistent with my

9    opinion"), 198:19 to 199:12 ("I look at all of the similarities as an aggregate.  And tak-

10   ing it out of context changes -- To answer that question would not be consistent with

11   my opinion").

12        Saadi's testimony is properly deemed an admission that each claimed similarity

13   is, in isolation, not substantial and not indicative of copying.  However, his testimony

14   also confirms he failed to actually conduct the required "'analytic dissection,' . . .

15   breaking each work covered by copyright down into its constituent elements, and com-

16   paring only those 'elements' for proof of copying . . . ."  *Idema*, 162 F. Supp. 2d at

17   1177.  Indeed, he purposefully chose not to do so because it would disprove plaintiff's

18   claim.  Further, Saadi's attempt to propose and maintain an opinion by excluding from

19   consideration anything that contradicts his opinion, does not meet even a minimal

20   "standard of evidentiary reliability" for his supposed expert testimony.  *Kumho Tire*

21   *Co., Ltd. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999),

22   *quoting Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125

23   L.Ed.2d 469 (1993).  For each of these additional reasons, Saadi's opinions are useless

24   to the Court and properly disregarded.

25        **(4)    Saadi Mistakenly Based His Opinion on the Assumption of Di-**

26        **rect Access**

27        Under this Circuit's inverse ratio rule, "substantial similarity is inextricably

28   linked to the issue of access" because "a lower standard of proof of substantial simi-

5

larity [applies] when a high degree of access is shown." *Three Boys Music*, 212 F.3d at 485, *quoting Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996).  Even though there is no evidence of access here, Saadi testified that he based his opinions on his understanding that the composers of *Burn* had direct access to *Pain*.  Saadi Depo. Excerpt (Exh. 4), including at 77:2-13 (as to whether a claimed similarity was independently created by *Burn*'s composers, "I would say if there was no exposure to 'No More Pain' I would feel more comfortable saying yes to that").  While he tried to back-track (*id.* at 83:11-21), his false assumption undermines his report and opinions and this is another reason they are of no use to the Court and properly disregarded.

**(5)**    **Plaintiff's Expert, Saadi, Failed to Identify a Protectable "Selection and Arrangement"**

As the Songwriter and Publishing Defendants show in their Supplemental Memorandum, each of the claimed similarities are both non-protectable ideas and also very different in the two musical compositions.  Saadi's own testimony is that consideration of the individual claimed similarities does not support his opinion.  *See, above* at 5. Ultimately, plaintiff relies on Saadi's assertion that the <u>aggregate</u> of these claimed similarities in the two songs is a striking or substantial similarity.  This aggregation argument is a mere conclusion by a non-musicologist who failed to apply the required analyses and fails for at least the following reasons.

A selection-and-arrangement argument requires a selection and arrangement <u>of the same things, even if they are not protectable by themselves.</u>  *See, e.g. Metcalf v. Bochco*, 294 F.3d 1069, 1073-74 (9th Cir. 2002) (selection and arrangement of a large number of strikingly similar individual elements); *Bernal v. Paradigm Talent & Literary Agency*, ___ F. Supp. 2d ___, 2010 WL 6397587 at *18 (C.D. Cal. 2010) (in *Metcalf*, the similarities were "nearly identical").  <u>Here, Saadi admitted substantial differences in the elements in *Pain* and *Burn*.</u>  Saadi Depo. Excerpt (Exh. 5).  That, alone, precludes plaintiff's argument that *Burn* copies *Pain*'s selection and arrangement of elements.

6

1    A selection-and-arrangement argument also requires *arrangement*, not just ran-

2   dom claimed similarities, divorced from each other, scattered throughout a work.  *Kouf*

3   *v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045-46 (9th Cir. 1994) (compila-

4   tion of random similarities scattered throughout a work insufficient to raise triable is-

5   sue); *Bernal*, ___ F. Supp. 2d ___, 2010 WL 6397587 at * 18 (C.D. Cal. 2010)

6   (*Metcalf* arrangement-and-selection argument limited to "generic similarities [that]

7   were voluminous, nearly identical, and occurred in the same pattern"; argument reject-

8   ed); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1138-39 (C.D. Cal. 2007)

9   ("Courts have routinely rejected *Metcalf* claims over random similarities"; "random

10   elements . . . appear at different points in [the works] and Plaintiffs cannot merely cob-

11   ble them together to" argue a copying of their arrangement and selection of elements).

12    Here, Saadi does not, for example, claim that *Pain* and *Burn* share an arrange-

13   ment of elements in their hooks or choruses.  Rather, the claimed similarities "appear

14   at different points in" the works.  *Id.*  Indeed, Saadi claims no *arrangement* at all and,

15   instead, merely counts the claimed similarities in "the aggregate."  Saadi Depo. Ex-

16   cerpt (Exh. 6) ("But my thinking on this is there are things that are out of context,

17   maybe might not merit copyright protection by themselves, in and of themselves.  But

18   when you collect things in the aggregate, five similarities or whatever they may be, and

19   you add them together, they could in your opinion either be substantially or strikingly

20   similar, depending on what those elements are, how close they are and how many of

21   them they are").  Saadi's failure to identify any *arrangement* and his reliance instead

22   on the number of claimed similarities scattered randomly throughout the works, also

23   precludes plaintiff's argument that *Burn* copies *Pain*'s arrangement and selection of

24   elements.

25    In addition, the selection and arrangement of generic elements results in a "thin"

26   copyright and "the appropriate standard for illicit copying is virtual identity."  *Satava*,

27   323 F.3d at 812, *quoting Apple Computer Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439

28   (9th Cir. 1994).  Yet, Saadi admits substantial differences between *Pain* and *Burn* and

1    their supposedly-similar elements.  Saadi Depo. Excerpt (Exh. 5).  <u>The undisputed evi-</u>

2    <u>dence of substantial differences between the works and their respective elements also</u>

3    <u>precludes plaintiff's argument that *Burn* copies *Pain*'s selection and arrangement of</u>

4    <u>elements.</u>

5         Saadi failed to distinguish between idea and expression; failed to consider dif-

6    ferences between the works; refused to analyze the dissected works because -- he ad-

7    mitted -- doing so would undercut his opinion; incorrectly assumed a high degree of

8    access; and merely counted the number of claimed random similarities rather than

9    demonstrate a copyrightable selection and arrangement.  His opinions are fundamental-

10   ly flawed and properly disregarded.

11   **(b)**    **Downes Also Is Not a Musicologist and Has a Limited and Unreliable**

12        **Database that He Searched for Pitch Sequences that *Pain* and *Burn***

13        **Do Not Share**

14        Plaintiff's counsel advised the Court that he had retained two musicologists

15   (June 6, 2011 Minute Order (Document 267), with the second being "a prior art ex-

16   pert."  That second "expert" is Downes, who is not a musicologist and simply has a da-

17   tabase of MIDI files -- used in electronic musical instruments and computers[2] -- that

18   plaintiff's counsel hired him to search.   Downes Depo. Excerpt (Exh. 7).  Plaintiff of-

19   fers Downes' report that a search of his database turned up no songs that have the same

20   similarities that Saadi claims to have found between *Pain* and *Burn*.

21        Downes' first hurdle is that he assumed Saadi's claimed substantial and striking

22   similarities actually exist, which they do not.  His report falls with Saadi's opinions.

23        Further, there are fundamental problems with Downes' database and with his

24   search methodology.

25        As for his database, Downes admitted it consists of MIDI files he indiscrimi-

26   nately accepted from hundreds of unknown sources without regard to their accuracy

27   _____

[2]    *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004), *cert. denied* 545 U.S.

28   1114, 125 S.Ct. 2905, 162 L.Ed.2d 294.

8

1   <u>and</u> that those MIDI files differ from the actual music the MIDI files are supposed to

2   represent.  Downes Depo. Excerpt (Exh. 8).  His admissions defeat his assumption that

3   searching his database searches the actual music.  Even if searching his database of

4   80,000 MIDI files were the equivalent of searching 80,000 musical works, which it is

5   not, that is a small fraction of the available songs -- less than 1% of the more than

6   13,000,000 recordings on iTunes, alone.  Declaration of Jeff C. Risher at 1, ¶ 2.  Fur-

7   ther, Downes' admission that he indiscriminately added MIDI files to his database also

8   establishes that his database is not a representative sample of the available musical

9   works.  Downes Depo. Excerpt (Exh. 9).

10         As for his search method, Downes searched only for specific pitch sequences

11  and then looked at his two "hits" to see if they had the other, non-pitch sequence simi-

12  larities that Saadi claimed to have found.  On the one hand, his method confirms the

13  pitch sequences in *Pain* and *Burn* are different: Downes had to search for them sepa-

14  rately for the very reason *they are different*.

15         But, his search method also has multiple faults.  Because he only searched for

16  pitch sequences, his search method fails to prove his database does not include numer-

17  ous songs that have all the similarities claimed by Saadi except the specific pitch se-

18  quences in *Pain* and the specific, but different, pitch sequences in *Burn*.  Indeed, his

19  database is not even searchable by the claimed non-pitch sequence similarities.

20  Downes Depo. Excerpt (Exh. 10) at 83:18 to 84:2.  Also, because he searched only for

21  very specific pitch sequences, his search was incapable of finding in his database mu-

22  sical works that differed by only one pitch from the sequence for which he searched.

23  Downes Depo. Excerpt (Exh. 11).  As a result, his search method fails to prove that his

24  database does not include numerous musical works with nearly identical pitch se-

25  quences as those in *Pain* or in *Burn* as well as some or all of the non-pitch sequence

26  similarities claimed by Saadi.

27         Downes is not a musicologist and merely has a dubious database that he

28  searched in a flawed manner for Saadi's claimed pitch sequence similarities that

9

1  Downes admits are different in *Pain* and *Burn*.  Downes' report also is of no use to the

2  Court.

3  **3.**      **CONCLUSION**

4          Plaintiff filed this action on April 1, 2008, claiming that three different songs by

5  three different recording artists on three different albums all copied generic ideas from

6  *Pain*.  His second set of lawyers abandoned two of those claims before withdrawing

7  from the case altogether.

8          Throughout, the Court has given plaintiff, both while *pro se* and also while rep-

9  resented by counsel, every opportunity to try to prove his claim.  Most recently, the

10 Court even allowed plaintiff another chance to submit expert testimony when his earli-

11 er expert was precluded because plaintiff and his latest lawyer improperly hired the ex-

12 pert on a contingency fee basis.  Now, apparently unable to find a musicologist willing

13 to testify, plaintiff resorts to one of his lawyer's other clients, who failed to apply the

14 proper analyses and admitted the substantial differences between *Pain* and *Burn*.

15 Plaintiff also offers the results of a defective search of a questionable database, for

16 claimed similarities that do not exist.

17         It is respectfully submitted that there is no evidence of access and no evidence of

18 substantial or striking similarities, that plaintiff's claim lacks merit and that summary

19 judgment is properly granted.

20                                          Respectfully submitted,

21
                                           /s/ Peter J. Anderson
22 Dated: July 29, 2011
                                           _____
23                                            Peter J. Anderson, Esq.
                                           LAW OFFICES OF PETER J. ANDERSON
24                                            A Professional Corporation
                                            Attorney for Defendants
25                                            ARISTA RECORDS LLC,
                                            ZOMBA RECORDING LLC,
26                                        SONY MUSIC ENTERTAINMENT and
                                            LAFACE RECORDS. LLC.

27

28