ROBERT A. JACOBS (SBN 160350)
E-mail: RJacobs@manatt.com
EMIL PETROSSIAN (SBN 264222)
E-mail: EPetrossian@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendants*
Usher Raymond IV, Jermaine Dupri,
EMI April Music Inc., UR-IV Music, Inc.,
So So Def Productions, Inc. (sued erroneously
as "So So Def Recordings, Inc."), W.B.M.
Music Corp., Bryan Michael Cox and
Babyboys Little Publishing Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ERNEST LEE STRAUGHTER, | No. CV 08-2170 CAS (CWx) |
|---|---|
| Plaintiff, | Hon. Christina A. Snyder<br>Courtroom No. 5 |
| vs. | **SONGWRITER AND MUSIC PUBLISHING DEFENDANTS' OPPOSITION TO PLAINTIFF ERNEST STRAUGHTER'S REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| USHER RAYMOND, IV et al., | |
| Defendants. | |
| | Date Filed: April 1, 2008<br>Trial Date: Vacated |

Defendants Usher Raymond IV ("Raymond"), Jermaine Dupri, Bryan Michael Cox, UR-IV Music, Inc., So So Def Productions, Inc. (sued erroneously as "So So Def Recordings, Inc."), Babyboys Little Publishing Company, EMI April Music Inc. and W.B.M. Music Corp. (collectively, the "Songwriter and Music Publishing Defendants") hereby respectfully oppose the Request for Temporary Restraining Order (the "Application") filed by plaintiff Ernest Straughter.

Ignoring law, logic and reality, Straughter asks the Court to enjoin Raymond from receiving a Golden Note Award at this Thursday's 26th Annual Rhythm & Soul Music Awards hosted by the American Society of Composers, Authors and Publishers ("ASCAP"). (App. at 1.) Straughter's Application is frivolous on its face, makes numerous representations that are patently false, constitutes a transparent attempt to harass Raymond and is a complete waste of judicial resources. It should be summarily denied.

A plaintiff seeking a temporary restraining order must establish that (1) he is "likely to succeed on the merits"; (2) he is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor" and (4) "a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Straughter has failed to satisfy any of these requirements.

Among other defects, Straughter has failed to present any evidence establishing a likelihood of prevailing on the merits of his copyright claim. In fact, he has failed to establish any link whatsoever between ASCAP's awards show and the subject matter of this lawsuit. Further, this Court has already ruled that Straughter entered into a binding settlement of his claim. Although Straughter is presently appealing that ruling to the Ninth Circuit, the present "status quo" of the litigation is that Straughter no longer has an extant copyright claim in this action – a fact that Straughter completely ignores in his Application.

Moreover, Straughter has not come close to meeting his burden of presenting "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result" to him absent the requested restraining order. *See* Fed. R. Civ. P. 65(b)(1)(A). Instead, he merely states without explanation or evidence that he will suffer "irreparable injuries" and has "no adequate remedy at law." (App. at 2-4.) It is difficult to imagine how

Straughter could possibly suffer irreparable harm if Usher receives an ASCAP award. This is particularly true when one considers that Usher has already received numerous awards, including multiple Grammy awards, during the five-year pendency of this lawsuit. *See, e.g.*, http://www.grammy.com/nominees/search?artist=usher&field_nominee_work_value=&year=All&genre=All&=Search.

In addition, Straughter has failed to show that the equities support his request for a temporary restraining order. Indeed, quite to the contrary, the equities strongly favor the nonmoving parties because a temporary restraining order erroneously preventing the awards show from proceeding as scheduled would cause Usher and countless nonparties significant monetary and nonmonetary injury.

Furthermore, both the public interest and considerations of judicial efficiency and economy support denying the Application. Granting the Application would be tantamount to an endorsement of Straughter's blatant misuse of the temporary restraining order mechanism for his own improper purposes.

Finally, if the Court is considering granting Straughter's Application (and it should not), the Court should require Straughter to post a bond commensurate with the costs and damages that will be sustained if a temporary restraining order is erroneously granted. *See* Fed. R. Civ. P. 65(c). Although Straughter requests a waiver of the security requirement, he has presented no facts or evidence in support of his request. Further, the mere fact that Straughter purports to be indigent does not mean that he has *carte blanche* to abuse the court process and file frivolous motions with impunity.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

In short, Straughter's Application is frivolous and has absolutely no merit. It should be summarily denied.

Respectfully submitted,

Dated: June 25, 2013

MANATT, PHELPS & PHILLIPS, LLP

By: /S/
ROBERT A. JACOBS
EMIL PETROSSIAN

*Attorneys for Defendants*
Usher Raymond IV, Jermaine Dupri, EMI April Music Inc., UR-IV Music, Inc., So So Def Productions, Inc. (sued erroneously as "So So Def Recordings, Inc."), W.B.M. Music Corp., Bryan Michael Cox and Babyboys Little Publishing Company

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

SONGWRITER AND MUSIC PUBLISHING DEFS.' OPP'N TO PL.'S REQUEST FOR TRO

# PROOF OF SERVICE

I, Erica Embray, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064.

On June 25, 2013, I served a copy of the below document(s):

**SONGWRITER AND MUSIC PUBLISHING DEFENDANTS' OPPOSITION TO PLAINTIFF ERNEST STRAUGHTER'S REQUEST FOR TEMPORARY RESTRAINING ORDER**

on the below interested parties:

Ernest Lee Straughter
3845 Polk Street, Apt. 131
Riverside, CA 92505
(951) 906-0479
Plaintiff *in Pro Per*

[x]   **(BY PERSONAL SERVICE)** By causing such document(s) to be delivered by hand by delivering same to **First Legal Services** with instructions that it be personally served to Ernest Lee Straughter at the address indicated above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 25, 2013 at Los Angeles, California.

_____
Erica Embray

307934011

SONGWRITER AND MUSIC PUBLISHING
DEFS.' OPP'N TO PL.'S REQUEST FOR TRO