**GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP**
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Fred D. Heather (SBN 110650)
fred.heather@glaserweil.com

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@klgates.com

Attorney for Third Party American Society
of Composers, Authors and Publishers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE STRAUGHTER et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>USHER RAYMOND IV et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No. CV08-2170-CAS (CWx)<br><br>**NON-PARTY AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS' OPPOSITION TO PLAINTIFF ERNEST STRAUGHTER'S REQUEST FOR TEMPORARY RESTRAINING ORDER; DECLARATION OF RICHARD H. REIMER IN SUPPORT THEREOF**<br><br>[Assigned to Honorable Christina A. Snyder] |

The American Society of Composers, Authors and Publishers ("ASCAP") submits the following opposition to Plaintiff Ernest Straughter's ("Straughter") frivolous request for a temporary restraining order prohibiting various individuals and entities, including numerous non-parties to this action such as ASCAP, from "PERFORMING, REHEARSING, USING, RECORDING, BY AUDIO, OR BY DIGITAL TRANSMISSIONS, TV, RADIO, OR INTERNET STREAMING OF THE COMPOSITION KNOWN AS 'THE REASON'S WHY, NO MORE PAIN' ALSO KNOWN AS 'BURN', AND ALL THE SONGS FROM THE CONFESSIONS ALBUM, SCHEDULED FOR INTERNATIONAL AIRING/VIEWING AT ASCAP's 26th Annual Rhythm, Soul Music Awards at the Beverly Hilton Hotel, Los Angeles California June 27, 2013" (the "TRO").

As the Court will recall, Straughter originally named ASCAP as a defendant in this action, but ASCAP subsequently was dismissed as a party on the condition that it continue to deposit with the Court any royalties earned for the song "Burn," which song—contrary to Straughter's incorrect assertion and overbroad TRO request directed at every song on Defendant Usher Raymond IV's ("Raymond") album "Confessions"—is the only musical composition still at issue in this copyright infringement action. *See* Docket Nos. 85, 93, 168, 439. ASCAP has complied with this obligation over the past four years. *See* Docket Nos. 88, 152, 165, 171, 195, 209, 241, 294, 324, 352, and 441.

In order to obtain preliminary injunctive relief in a copyright infringement action, a plaintiff must establish, among other things,[1] that he or she "is likely to suffer irreparable harm in the absence of preliminary relief." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (noting that courts no longer

---

[1] Given the shortness of time before the event Straughter seeks to enjoin, ASCAP simply notes that Straughter's request for a TRO contains numerous other deficiencies, including but not limited to its impermissible attempt to secure injunctive relief against non-parties, Straughter's failure to sign his TRO papers, and Straughter's failure to support his TRO request with competent evidence.

1  presume irreparable harm in copyright infringement actions). For several reasons,
2  Straughter cannot establish irreparable harm should Usher Raymond actually perform
3  the allegedly infringing work "Burn" at ASCAP's 26th Annual Rhythm & Soul Music
4  Awards (the "Awards Ceremony").

5  First, Straughter's extreme delay[2] in seeking injunctive relief negates his
6  contention that he will suffer irreparable harm from further public performances of the
7  song "Burn." Raymond's alleged infringement of the song "Burn" has gone on since
8  at least April 1, 2008, when Straughter filed his complaint in this action. *See* Docket
9  No. 1. During the pendency of this litigation, the song "Burn" has generated over
10 $189,000.00 in performing rights royalties, which remain on deposit with the Court.
11 Notably, where alleged copyright infringement has gone on for years before the
12 plaintiff first seeks injunctive relief, irreparable harm does not exist because injunctive
13 relief will neither "remedy th[e] confusion or lessen th[e] damage" resulting from
14 alleged copyright infringement. *See Scott-Blanton v. Universal City Studios*
15 *Productions LLLP*, 495 F. Supp. 2d 74, 80 (D.D.C. 2007).

16 Second, irreparable harm does not exist for the additional reason that monetary
17 damages for the alleged copyright infringement are adequate. *See Sampson v. Murray*,
18 415 U.S. 61, 88 (1974); *see also Los Angeles Memorial Coliseum Commission v.*
19 *National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Indeed, in light of
20 Straughter's dilatory conduct, there is no good reason to restrain any party from
21 performing "Burn" or any other song at the Awards Ceremony. Moreover, if such a
22 performance were to result in ASCAP performing rights royalties, those royalties
23 would also be deposited with the Court by ASCAP, further increasing the fund payable
24 to whichever party prevails in this action.

---

[2] Highlighting that no emergency situation exists, Straughter first gave notice of the potential filing of the TRO papers last week, but delayed filing his papers in order to heighten his assertion that there is an "emergency." Further, ASCAP publicly announced the Awards Ceremony on May 16, 2013, in excess of a month ago, demonstrating that Straughter has not acted diligently in seeking relief. Declaration of Richard H. Reimer ¶ 2.

1  <u>Finally</u>, even if Straughter had not delayed for years in seeking injunctive relief, and if monetary damages were inadequate (neither of which is the case), irreparable harm also would not exist because—contrary to Straughter's incorrect assertion in his TRO papers—the Awards Ceremony will <u>not</u> be broadcast on radio, television or streamed by ASCAP via the internet. *See* Declaration of Richard H. Reimer ¶ 4.

Accordingly, for the foregoing reasons, the Court should deny Straughter's frivolous TRO request.

K&L GATES LLP

Dated: June 25, 2013                By: /s/ *Matthew B. O'Hanlon*
                                    Matthew B. O'Hanlon
                                    matthew.ohanlon@klgates.com
                                    Attorney for American Society of
                                    Composers, Authors and Publishers

# DECLARATION OF RICHARD H. REIMER

I, Richard H. Reimer, declare as follows:

1. I currently hold the position of Senior Vice President—Legal Services for the American Society of Composers, Authors and Publishers ("ASCAP"). As part of my duties, I am responsible for matters involving disputes among ASCAP members and others as to who may be entitled to receive ASCAP royalties for public performances of musical works of ASCAP members. I have personal knowledge of the facts stated in this declaration, and would testify competently thereto if called as a witness.

2. On or about May 16, 2013, ASCAP sent out a press release announcing that the 26th Annual ASCAP Rhythm & Soul Music Awards would be held on Thursday, June 27th, 2013 at The Beverly Hilton Hotel in Los Angeles, California (the "Awards Ceremony").

3. The press release also announced that at the Awards Ceremony, Usher Raymond IV will receive ASCAP's Golden Note Award.

4. The Awards Ceremony will not be broadcast on radio, television or streamed by ASCAP via the internet.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June, 2013 at New York, New York.

_____
Richard H. Reimer

- 1 -

# PROOF OF SERVICE

Case No. CV08-2170 CAS (CWx)

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **K&L GATES LLP**, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On **June 25, 2013**, I served the foregoing document(s):

**NON-PARTY AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS' OPPOSITION TO PLAINTIFF ERNEST STRAUGHTER'S REQUEST FOR TEMPORARY RESTRAINING ORDER; DECLARATION OF RICHARD H. REIMER IN SUPPORT THEREOF**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed and sent as follows:

Ernest Lee Straughter
3845 Polk Street, Apartment 131
Riverside, CA 92505

☒ **BY FEDEX:** I placed for collection and processing such envelope in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as above, with delivery fees paid or provided for, to be transmitted by Federal Express.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **June 25, 2013**, at Los Angeles, California.

*Karin Reinhart* (signature)
Karin Reinhart

**PROOF OF SERVICE**