UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170-CAS (CWx) | Date | June 26, 2013 |
|---|---|---|---|
| Title | ERNEST STRAUGHTER V. USHER RAYMOND IV, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not present  Not present

**Proceedings:** **(In Chambers:) PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed June 24, 2013) [442]

## I. INTRODUCTION & BACKGROUND

On June 24, 2013, plaintiff Ernest Straughter filed the instant ex parte request for a temporary restraining order ("TRO"), seeking to enjoin the named defendants (and others) from performing or otherwise using the compositions "The Reasons Why" and "No More Pain," in addition to all of the compositions found on the "Confessions" album.[1]

In particular, plaintiff contends that the American Society of Composers, Authors and Publishers' ("ASCAP") twenty-sixth annual "Rhythm and Soul Music Awards" show is scheduled for June 26, 2013, at which defendants will receive "recognition, honor, and fame" for creating their alleging infringing work. If defendants are allowed to continue with their allegedly unauthorized performance of these works, plaintiff contends that he will be irreparably harmed by the denial of his proper acclaim and respect within the industry; diminished value of his copyrighted works; and inability to receive a fair trial on the merits of his claims. Defendants oppose plaintiff's application.

---

[1] Plaintiff also names the Beverly Hilton Hotel; SAG/AFTRA; Local 47, Musician's Union; and the "ASCAP 26th Annual Rhythm and Soul Awards Show" as additional parties to his TRO application. As these parties are not before the Court, the Court cannot grant plaintiff's application as to these parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170-CAS (CWx) | Date | June 26, 2013 |
|---|---|---|---|
| Title | ERNEST STRAUGHTER V. USHER RAYMOND IV, ET AL. | | |

## II. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III. ANALYSIS

The Court finds that plaintiff's request for a TRO should be denied. At the outset, the Court notes that plaintiff offers no evidentiary support for the contention that he will suffer "irreparable injury" and will have "no adequate remedy at law" if his application is denied. Nor does plaintiff demonstrate why emergency injunctive relief is warranted. The alleged copyright infringement by defendants has continued since at least April 1, 2008, with numerous performances during that time; there is clearly no emergency engendered by this latest potential performance.

Moreover, plaintiff has not demonstrated a likelihood of success on the merits of his appeal, which defeats any right to a TRO. The Court has already ruled that plaintiff entered into a binding settlement agreement with defendants that extinguishes his claims, a ruling which plaintiff has appealed. For plaintiff to demonstrate a likelihood of success on the merits, therefore, he must prove to this Court that the Ninth Circuit is likely to rule in his favor. If the Ninth Circuit affirms this Court's order, plaintiff will be unable to succeed on his underlying claims—the resulting enforcement of the settlement would deprive Straughter of standing to bring this ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2170-CAS (CWx) | Date | June 26, 2013 |
|---|---|---|---|
| Title | ERNEST STRAUGHTER V. USHER RAYMOND IV, ET AL. | | |

Given that this Court has already found that the parties' settlement agreement should be enforced, plaintiff cannot demonstrate a likelihood of success on his claims for copyright infringement.[2] Accordingly, plaintiff's application for a TRO is denied.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's application for a temporary restraining order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[2] Nothing in this order shall be construed as expressing any view as to the merits of plaintiff's copyright infringement claims in the absence of any settlement agreement between the parties.